THEODORE C. SHERWOOD, COMMISSIONER OF THE BANKING DEPARTMENT OF THE STATE OF MICHIGAN, v. THE CENTRAL MICHIGAN SAVINGS BANK. IN THE MATTER OF THE PETITION OF DANIEL B. JOHNSON.

| 104 | 65 |
|-----|-----|
| 119 | 337 |
| 104 | 65 |
| f143 | 638 |
| 104 | 65 |
| 145 | 46 |

[See 103 Mich. 109.]

*Practice in Supreme Court—Rehearing—Laches.*

An application by an appellant, made after the affirmance of a decree, for leave to apply to the court below for a rehearing, will be denied where it appears that the evidence sought to be introduced on the rehearing was within the knowledge of the appellant at the time of the first hearing, and should have been suggested by the testimony of the appellee.

Motion by the receiver of the defendant bank for leave to apply to the circuit court for Ingham county, in chancery, for a rehearing. Argued January 8, 1895. Denied February 12, 1895. The facts are stated in the opinion, and in 103 Mich. 109.

*M. V. Montgomery,* for the motion.

*Cahill & Ostrander, contra.*

PER CURIAM. By an opinion filed at the October term

(103 Mich. 109) it was decreed that the receiver of the defendant bank pay to one Johnson the sum of $5,000, held in trust by said bank and receiver. An application is now made for leave to apply to the circuit court in chancery for a rehearing, upon the ground that the receiver is able to show that such trust fund was partially, if not wholly, expended by said bank before the appointment of the receiver.

As a perusal of the former opinion will show, the petitioner (Johnson) showed that the sum of $5,000 was received by the bank upon a mortgage placed in its hands for collection. It was shown to have mingled this sum with its other moneys, and that this fund was not reduced below $5,000 at any time. In support of this application it is now said that it can be shown that a portion of the funds of said bank consisted of a reserve fund; that it was in bags by itself, and was unchanged during the period covered by these transactions, and therefore was not the fund with which the trust fund was mingled; that it can be shown that the money of the bank, aside from this reserve fund, was reduced to a few hundred dollars on one or more occasions, thus showing as a matter of fact that the trust fund, or part of it, was parted with by the bank, making it impossible to trace it. In the circuit court the case seems to have turned upon this point. The evidence now sought to be produced was within the knowledge of the receiver, and the testimony offered by the petitioner should have suggested it. We see no way to grant the relief asked, unless we are to relax the rule as to laches. *Detroit Savings Bank v. Truesdail,* 38 Mich. 430, 444.