ROELOFS *v.* WEVER.[1]

1. DECREE—REHEARING—INSUFFICIENT GROUNDS.

A rehearing of a circuit court decree determining the title to certain premises against the petitioner's contention was asked on the ground that no allowance was made for a building erected by the petitioner. The petition itself showed that the petitioner had omitted at the hearing to bring the matter to the attention of the court. *Held,* that the petition was properly denied.

2. SAME—PARTIES.

Defendant is not entitled to a rehearing of a decree determining the title to certain lands to be in complainant merely because a person holding an unrecorded deed from defendant was not made a party, where the omission is not shown to have been prejudicial to defendant.

3. ACCOUNTING—AUTHORITY OF COURT.

The circuit judge has a right to take an account himself, without reference to a commissioner.

Appeal from Ottawa; Padgham, J. Submitted January 24, 1899. Decided February 6, 1899.

Bill by Hendrik J. Roelofs against John Wever and Alice Wever to restrain proceedings for an eviction, and for an accounting. There was a decree for complainant, and defendants filed a petition for a rehearing. From an order denying the petition, defendants appeal. Affirmed.

*Gerrit J. Diekema,* for complainant.

*McGarry & Belden,* for defendants.

HOOKER, J. About March 1, 1895, complainant was the owner of, and resided upon, a farm of 60 acres of land. One Pycock held three mortgages upon the property,

[1] Rehearing denied May 23, 1899.

aggregating $2,438.39. A clay bank upon the farm made it valuable for brick making, and a contract was made between complainant and the defendants (who are brother and sister) in substance as follows, viz.: The defendants were to pay the amount due upon the three mortgages, and receive a deed of the farm. They were to give back to the complainant a land contract, by which they were to agree to reconvey to the complainant at any time within five years, provided that he should pay to them one-third of the money paid by them upon the mortgages, and give them a mortgage upon the premises for the remaining two-thirds of said sum. The complainant and the defendants were to become copartners in the brick business, complainant to furnish the clay and the use of so much land as should be necessary for the business, and the defendants to furnish necessary machinery and tools; the parties to share equally in profits and losses. The land contract was executed and delivered to the complainant; the deed was delivered to the defendants; and the business of the partnership was conducted for a time. Defendants obtained a release of the three mortgages, by paying $1,038.39 in cash, and giving to Pycock a promissory note for $1,400, secured by their mortgage upon the premises.

Complainant claims that, after conducting the business for a time, the defendants stole and destroyed the land contract, claimed that the complainant was not a partner, and that they were sole owners of the land and machinery, forcibly excluded him from participation in the business before any brick could be sold, and commenced summary proceedings to evict him from the farm. Complainant filed the bill in this cause to restrain the proceedings before the circuit court commissioner, and for an adjustment of the dealings between the parties. The cause was heard upon pleadings and proofs taken in open court; and in his decree, dated December 15, 1897, the learned circuit judge adjudged the facts to be substantially as alleged by the complainant, and decreed that the partnership be dissolved,

and that no further accounting was necessary; that no profits were realized in the business, and that there was no property left to be divided; that the defendants should remove the brick and machinery, and might dispose of them for their own use, within a period not later than May 15, 1898, and not thereafter; that the deed to the defendants should be treated as a mortgage, and that complainant might, at any time within five years from March 26, 1895, pay to the defendants the sum of $1,038.39, with interest, together with any sums that they should thereafter pay upon the mortgage given by them, and that, upon full payment or tender, the defendants should convey to him, by deed, with covenant against their own acts, the land aforesaid, subject to any remaining unpaid balance upon the mortgage; and that in case of refusal or neglect upon the part of the defendants to receive the money, or to execute and deliver such deed upon payment or tender of the amount prescribed by the decree, the complainant might apply to the court for a further decree.

No appeal was taken from this decree, but on April 30, 1898, the defendants filed a petition for leave to apply for a rehearing, which being granted, a petition was filed in May. The answer was filed, and, upon the hearing, the prayer of the petition was denied, in August, 1898, and the defendants have appealed from the order denying the rehearing. As reasons why the rehearing should have been ordered, counsel assert that the petitioners had erected a brick house upon the premises, for which no allowance was made, and that they had deeded a portion of the premises to a Mr. DeWitt, who was not made a party. It is further urged that the court erred in not ordering an accounting, and that the decree "authorizes the performance of contingencies out of court, and makes the complainant the judge of their sufficiency," and that "it declares the Wevers' deed a mortgage, but makes no provision to foreclose as in case of default," and that the decree "directs defendants to reconvey a fee, while declaring them only mortgagees."

If it is true that a house built by the defendants should have been considered, the opportunity was afforded upon the hearing; but there is nothing to indicate that they offered proof upon the subject, or even called the attention of the court to it.   The latter omission appears from the petition.   In such cases it is the rule not to grant a rehearing.   *Detroit Savings Bank* v. *Truesdail*, 38 Mich. 430; *Sherwood* v. *Central Mich. Savings Bank*, 104 Mich. 65.

Had the defendants desired that DeWitt be made a party, steps to that end should have been taken at an early stage of the proceedings.   It is not shown, however, that the defendants are injured by complainant's failure to make him a party.   Counsel for the complainant claims that his deed was not recorded, and that he was unaware that he had an interest.   We do not discover that he was an indispensable party.

It is not necessary that a reference be made to take an account, as the circuit judge has a right to hear it.   *Barnebee* v. *Beckley*, 43 Mich. 613.   Whether the court proceeded properly or not does not appear.   If he did not, counsel should have asked that he do so; but it is not shown that any complaint was made, and the petition for rehearing is not based upon that ground.

We think that the other questions are without merit, and the order denying a rehearing is affirmed, with costs.

The other Justices concurred.