FROHLICH v. AIKMAN.

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE
—REOPENING CASE.

On petition of plaintiff to reopen a chancery case and allow the introduction of alleged newly-discovered evidence, where such evidence, which might have been brought out but for objection of plaintiff's counsel, would be cumulative only, other witnesses having testified upon the same point, and, if admitted, no different result should be reached, the petition will be denied.

Petition by Edward Frohlich against William Aikman, Jr., revived against Henry I. Armstrong and another, executors, to reopen a case in chancery on the ground of newly-discovered evidence. Submitted January 8, 1918. (Calendar No. 26,828.) Petition denied March 28, 1918.

*Edward Cahill,* for petitioner.

*R. F. Eldredge* (*Angell, Bodman & Turner,* of counsel), for defendant.

PER CURIAM. In this case a decree dismissing plaintiff's bill of complaint was entered upon an opinion filed March 29, 1917, 194 Mich. 569. Later a motion for rehearing was made and denied. Another petition is now filed by plaintiff in which he sets out the fact that on November 7, 1917, he met one George Scheffer in the city of Detroit, to whom he said:

"The Supreme Court beat me and held the deed was not a mortgage;"

that thereupon said Scheffer said to plaintiff:

"I know that is not the fact, because Aikman him-

self told me that he loaned you the $2,500 and took the deed as security for the loan."

Plaintiff prays:

"That the record and all proceedings heretofore taken in this cause be remanded to the circuit court for the county of Macomb in chancery for the purpose of submitting to said court and for its determination thereon, the testimony of George Scheffer relating to an interview or interviews between him and William Aikman in the lifetime of said William Aikman, wherein the said Aikman discussed with the said George Scheffer, the $2,500 loan and the quitclaim deed given as security therefor.

"That in the event this court should conclude that instead of remanding the proceedings and record herein as above prayed, a more suitable practice would be to proceed by bill of review, then that this petitioner be authorized and empowered to file a bill of review in the circuit court for the county of Macomb in chancery whereby the newly-discovered evidence to the effect that the deed in controversy was a mortgage, may be made, and become a part of the proofs in this cause, and may be considered, reviewed, and determined by the circuit court for the county of Macomb, in chancery."

This petition is supported by the affidavit of George F. Scheffer to the effect that Mr. Aikman told him that he, Aikman, had loaned Edward Frohlich $2,500, and that Mr. Frohlich had deeded to him his undivided interest in the lands owned by said Frohlich and Aikman in partnership.

We are of opinion that the prayer of the petition should be denied upon several grounds: The evidence offered is not newly-discovered evidence within the rule. Scheffer was a witness upon the trial and the following question was asked him:

"*Q.* Did you have any talk with either Frohlich or Aikman so that you knew of the fact that Mr. Froh-

lich had deeded to Mr. Aikman his interest in the property up there?

"*A*. Mr. Aikman told me some time before he died—

"*Mr. Erskine* (counsel for plaintiff) : We object to that."

It is the claim of plaintiff now that because Scheffer was called as a witness for the defendant it never occurred to him to ask Scheffer whether he had any information relating to the deed in question and that he assumed from the fact that defendants called Scheffer that he knew no facts favorable to plaintiff's position. Plaintiff was advised by the unfinished answer of the witness, Scheffer, while upon the stand that he did know something about the transaction, but through his own counsel he prevented the testimony from being elicited. It has been held that if the testimony given suggests inquiry as to what is claimed is newly-discovered evidence, a reopening is not granted. *Sherwood* v. *Savings Bank,* 104 Mich. 65, and *Detroit Savings Bank* v. *Truesdale,* 38 Mich. 444.

The testimony at most if received would be cumulative only as plaintiff's mother, Mrs. Frohlich, William Rose, and Fred J. Rose all testified upon the point. Finally, even if admitted, no different result should be reached.

The prayer of the petition is denied.

KUHN, J., took no part in the decision.