### WILLIAMS v. GLEASON.

Under the revenue law of 1844, the county treasurers were bound to receive the delinquent taxes, unpaid for 1845, for two years, beginning on the first day of January succeeding the filing of the delinquent lists, or for three years from the first of January succeeding the assessment.
*Scott* v. *Babcock*, 3 G. Greene, 133, approved and followed.

*Appeal from the Cedar District Court.*

TUESDAY, DECEMBER 8.

This was an action to recover certain real property, described in the petition. Plaintiff having submitted his proofs and exhibits, defendant offered to introduce, as the first link in his chain of title, a tax-title deed, dated May 9th, 1849, signed and acknowledged by the treasurer of Cedar county. To the introduction of this deed, plaintiff objected—the objection was sustained—and judgment being for plaintiff, defendant appeals. The deed recites that in April, 1848, a judgment was obtained in favor of the State of Iowa, against the land in controversy, for the taxes found due and unpaid for the year 1845.

*Cook, Dillon & Lindley*, for the appellant.

*Clarke & Henley*, for the appellee.

WRIGHT, CH. J.*—The district court held that the deed offered in evidence, was absolutely void, and, as such, could impart no title to defendant, or those under whom he claims. The ground for thus holding, as assumed in the argument, is, that under the revenue law of 1844, the treasurer was bound to receive the delinquent taxes, unpaid for 1845, for two years, beginning on the first day of

---

* WOODWARD, J., having been of counsel in this cause, took no part in ts determination.

January succeeding the filing of the delinquent lists by him, or for three years from the first of January succeeding the assessment; that, as a consequence, the judgment, in said law contemplated, could not be rendered until after the first of January, 1849; that at the time of the rendition of said judgment in 1848, the court had no jurisdiction; and that, therefore, the judgment, and subsequent deed made in pursuance of the sale, were void.

The case of *Noble* v. *The State*, 1 G. Greene, 326, gives a different construction to the statute under consideration. This case was, however, overruled by that of *Scott* v. *Babcock*, 3 G. Greene, 133. While, we think, there is much obscurity in said statute, yet we incline to the opinion, that the construction given to it by our predecessors in the last case, is the correct one, and shall so hold. Under this view, the ruling made by the Court below, in excluding the deed offered in evidence, is conceded to have been right, and the judgment is, therefore, affirmed.

Judgment affirmed.