## ANSON *v.* STEIN *et al.*

Where a party claims as heir, he must first establish affirmatively, his relationship with the deceased; and secondly, negatively, that no other descendant exist to impede the descent to him.

Where in an action of right, the plaintiff, for the purpose of proving title in D. S., as heir of A. S., offered in evidence an exemplification of the records of the surrogate's court of the county and State of New York, which contained a renunciation of their right to administer upon the estate of A. S., deceased, signed by D. S., the father, and E. S., and others, the brothers of the said A. S., and a petition for letters of administration on said estate by one J. C. S., and the granting thereof by the said surrogate court; and where the defendant objected to the admission of said exemplification, as evidence of the death of said A. S., and of the heirship of his estate by the said D. S., which objection was overruled by the court, and the evidence admitted: *Held*, That the court erred in admitting the evidence.

*Appeal from the Muscatine District Court.*

THURSDAY, JUNE 10.

This was an action to recover the possession of certain real estate, in the city of Muscatine. The property was purchased of the United States by Niles Higginbotham, who, in the month of August, 1839, conveyed the same to Alexis Smith; in September, 1852, Daniel Smith, representing himself in the deed to be the father and sole heir of Alexis Smith, then deceased, conveyed the premises to Suel Foster, who in August, 1854, conveyed the same to the plaintiff. To establish the fact of the death of Alexis Smith, and that Daniel Smith was his father, and sole heir, the plaintiff offered in evidence an exemplification of there-

Anson v. Stein et al.

cord of the surrogate's court of the county of New York in the State of New York, including a renunciation of their right to administer upon the estate of Alexis Smith, deceased, signed by Daniel Smith, the father, and Edwin Smith and others, the brothers of said Alexis Smith, and the petition for letters of administration on said estate, by Jesse C. Smith, and the granting thereof by the said surrogate's court. To the introduction of the said paper, as evidence of the death of said Alexis Smith, and of the heirship of his estate by the said Daniel Smith, the defendants objected; their objections were, however, overruled by the court, who, in connection therewith, charged the jury, "that the said exemplification was *prima facie* evidence of the facts purporting to be shown by it, and is sufficient, unless evidence is given to the jury to contradict it. "

The defendants, to show title in themselves, offered in evidence a tax deed form the treasurer of Muscatine county, made by virtue of a sale of the premises, under a judgment rendered in 1849, for the taxes on the same, unpaid and delinquent for 1847. The deed was objected to by plaintiff, and excluded by the court. The defendant appeals.

*Richman & Brother*, for the appellant.

*Henry O'Connor*, for the appellee.

Stockton, J.—The grant of letters of administration is, in general, *prima facie* evidence of the intestate's death; for only on evidence of that fact, ought they to have been granted. 1 Greenl. Ev., sec. 550; 2 Ib., sec. 355. So, where the grant of administration turns on the question of which of the parties was next of kin, the sentence, or decree, of the surrogate's court on that question, is conclusive every where, in a suit between the parties for distribution. But no collateral fact, to be collected merely by inference from the decree or grant of administration, and which was not the point directly tried, is proved the exemplification of

the record.  Greenl. Ev., sec. 559.  Where a party claims as heir, he must first establish, affirmatively, his relationship with the deceased; and secondly, negatively, that no other descendant exists to impede the descent to the plaintiff.

By the record given in evidence, it is not shown that there was any question for adjudication before the surrogate, whether Daniel Smith was the next of kin heir of Alexis Smith.  Certain persons, representing themselves to be the father and brother of the deceased, file with the surrogate a paper, relinquishing their right to administer upon his estate; another person representing himself to be a creditor, files a paper representing to the surrogate, that Alexis Smith died in the city of New York, on the 15th of July, 1849, intestate, without widow or children : and that Daniel Smith, his father, surviving him, and his only next of kin, has renounced his right to administer upon his estate, and asking that he, the said creditor, may be appointed administrator.  The surrogate, thereupon, granted letters of administration to the applicant.  There was no contest as to the right to administer; there was no dispute as to the facts.  The grant of letters of administration to Jesse C. Smith, was not a decision that Daniel Smith was the father of Alexis Smith, and his sole heir.  That was not the point directly tried, and if to be collected at all, it can only be collected by inference from the proceedings in the surrogate's court.  We are, therefore, of the opinion, that the district court erred in admitting the transcript from the surrogate's court, to prove the relationship and heirship of plaintiff to Alexis Smith, and in the instruction given to the jury, that the same was sufficient for that purpose.

The question as to the validity of a deed for taxes, made by the treasurer under a judgment of the district court, rendered in June, 1849, for the unpaid and delinquent taxes of 1847, has been decided by this court, in the recent cause, of *Williams* v. *Gleason* 5 Iowa, 284, and *Bleidorn* v. *Abel et al.*, *ante*, 5.  The ruling made in these cases, we have as yet seen no reason to change.

For the error in the ruling of the court upon the suffi-

ciency of the evidence afforded by the surrogate's transcript, to show the relationship and heirship of the plaintiff to Alexis Smith, the judgment will be reversed.   We give no opinion as to the correctness of the ruling of the district court, upon the tax deed of the collector of Muscatine.

Judgment reversed.