PIERPONT *v.* OSMUN.

TAX SALES—REDEMPTION—NOTICE—STATUTES.

Act No. 229, Pub. Acts 1897, which amended the general tax
law by providing that no writ of assistance for the possession
of land, "the title to which has been obtained under and
in pursuance of any tax sale hereafter made," shall be issued
until six months after the filing of proof of service upon the
grantee in the last recorded deed, and the mortgagee in the
last recorded mortgage, of notice of the right to redeem there-
in provided for, does not apply to previous purchases at tax
sales upon which deeds had not been issued by the auditor
general at the time the act took effect.

Appeal from Shiawassee; Smith, J. Submitted Octo-
ber 6, 1898. Decided November 9, 1898.

Petition by Warren Pierpont against William H. Os-
mun, Sr., for a writ of assistance. From an order grant-
ing the writ, defendant appeals. Affirmed.

*Kilpatrick & Pierpont (James H. McFarlan, ami-
cus curiæ)*, for petitioner.

*J. Ten Eyck (Alfred Russell, of counsel)*, for defend-
ant.

MONTGOMERY, J. The petitioner, Warren Pierpont,
purchased certain lands at the annual tax sale held at the
treasurer's office of Shiawassee county on the 7th day of
December, 1896. The lands were sold for the delinquent
taxes of 1894 under a decree the regularity of which is
not questioned. A certificate of purchase was issued to
the petitioner in the usual form. The lands not having
been redeemed, the certificate of purchase was surren-
dered to the auditor general, and a deed was issued by
the auditor general to the petitioner, which deed was
dated February 14, 1898. After demand for possession of

the premises in question, the petition in the present proceeding was filed asking for a writ of assistance. The defendant showed that he had tendered to the petitioner the full amount paid by him, together with the additional charges provided by Act No. 229 of the Public Acts of 1897. The circuit court granted the writ, and defendant appeals.

The two questions presented are whether Act No. 229, Pub. Acts 1897, was intended to affect the title or remedy of the petitioner and those occupying a like position, and, second, if this was the intention, whether the provision extending the time for redemption, and modifying conditions under which redemption may take place, impairs the obligation of contracts, and is, for that reason, unconstitutional. Both questions are discussed in the briefs of counsel. The provisions of the statute in question material to this inquiry are as follows:

"SEC. 140. No writ of assistance or other process for the possession of any land *the title to which has been obtained under and in pursuance of any tax sale hereafter made, or of any sale of State tax lands or State bids hereafter made*, except where such title shall be obtained under the provisions of section 131 of this act, shall be issued, until six months after there shall have been filed with the county clerk of the county where the land is situated a return by the sheriff of said county, showing that he has made personal service, or until substituted service, as hereinafter provided, has been made, upon the grantee or grantees under the last recorded deed to said land, and upon the mortgagee or mortgagees named in the last recorded mortgage, or any assignee thereof of record, of a notice," etc.

It is the contention of the appellant that this statute should be so construed as to include all titles so acquired after the act takes effect, and that the title is not acquired until the conveyance is actually made by the auditor general. It is said that the words "sale hereafter made" mean the same thing as "title hereafter acquired." We do not find ourselves able to agree with the learned counsel

for the appellant. It appears by this section that the writ of assistance, authorized by other provisions of the tax law, is by the legislature denied in three cases: (1) In cases where the title to the land has been obtained under and in pursuance of a tax sale hereafter made; (2) in cases where the title is obtained by purchase of State tax lands; (3) in cases where the title is obtained by purchase of State tax bids,—in either of the two latter cases the purchase being made after the act takes effect. It was obviously not the intention of the legislature to deny the remedy to those who had made previous purchase of land at a tax sale, but who had not acquired their title or conveyance from the auditor general. To place this construction upon the statute, we would be required to insert the word "heretofore" in place of or in addition to the word "hereafter." It cannot be said that in this statute the words "any tax sale hereafter made" refer to the conveyance by the auditor general to the purchaser. These words in the tax law are used to denote the sale made on petition of the auditor general, and at which the certificate of purchase is given to the purchaser. Act No. 206, Pub. Acts 1893, §§ 70–72, 74. Section 70 provides for the sale; section 71 provides for the giving of the certificate at such sale; and section 74 provides that any person owning any of the lands, or any interest therein, may, at any time within one year from and after "such sale," redeem any parcel of such lands, etc. But the language of the act of 1897 is not ambiguous. It refers to a title which has been obtained in pursuance of a tax sale. The very language imports a distinction between a tax sale and an acquisition of title. Had the intent been otherwise, an apt term would have been, "a title obtained by one through a tax sale." But the language employed imports that a tax sale must have preceded the acquisition of title.

Being satisfied that the construction of the statute contended for by defendant cannot be adopted, it becomes unnecessary to consider whether the legislature has the power to enact such a provision as would relieve the

owner of the property by materially extending the period of redemption.

The order appealed from will be affirmed.

The other Justices concurred.