YOUNGS v. CLARK.

TAX SALES—VALIDITY OF DECREE—PREMATURE ADJOURNMENT OF COURT.

> Under section 66 of the tax law (Act No. 206, Pub. Acts 1893), providing that if it shall be made to appear to the court, within five days after the day fixed for hearing the petition of the auditor general for the sale of delinquent lands, that any person, without fault on his part, has been prevented from filing objections to the tax, additional time may be granted for that purpose, a decree of sale is void as to a landowner who did not appear, where the court finally adjourned on the fourth day after the day fixed for the hearing of the petition. *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87, followed.

Appeal from Marquette; Stone, J. Submitted April 21, 1899. Decided July 5, 1899.

Petition by Clark W. Youngs against Frederick O. Clark and others for a writ of assistance. From an order denying the writ, petitioner appeals. Affirmed.

*W. S. Hill*, for petitioner.

*Clark & Pearl*, for respondents.

LONG, J. This is an application for a writ of assistance under the tax law. The land in question was returned delinquent for the taxes of 1893. It was sold to the State in December, 1895, and reoffered by the county treasurer in December, 1896, and sold to the petitioner, who received a certificate of sale at that time. At the same time, petitioner purchased the lands for the taxes of 1894, and received a certificate subject to redemption. Petitioner sent his certificate on the purchase for the 1893 tax to the auditor general, and on March 25, 1897, a deed was issued to him. A deed on the sale for the taxes of 1894 was also issued to him after redemption expired. Objection is

made to the issuing of the writ of assistance, on the ground that the deed is void for the reason that the court, at the time the decree was entered, failed to remain in session five days after the time fixed by the court for the hearing of the auditor general's petition, so as to allow that time in which objections might be filed, in accordance with the provisions of section 66 of the tax law of 1893 (Act No. 206, Pub. Acts 1893), and therefore that the decree so entered is void, and no deed could issue on a sale made thereunder.

It appears that November 5, 1895, was the day designated by the court as the day for hearing the tax petition. The court finally adjourned on November 9th. The respondents were entitled, upon a proper showing, to the five days in which to make their objections. They were deprived of that right by the adjournment of the court before the five days had elapsed. Under the ruling of this court in *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87, the court below very properly refused to grant the writ of assistance.

The order below must be affirmed.

The other Justices concurred.