WAIT v. McMILLAN.

TAX SALES—VALIDITY—PREMATURE DECREE.

A decree of sale in a tax proceeding is void as to a landowner who did not appear, where it was rendered before the expiration of five days after the day fixed for hearing the auditor general's petition; such owner being entitled to that time in which to ask permission to file objections to the tax;[1] Following *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87; *Youngs* v. *Clark*, 120 Mich. 528.[2]

Appeal from Osceola; McMahon, J.    Submitted May 4, 1899.    Decided July 11, 1899.

Bill by Fred S. Wait against Andrew J. McMillan to quiet title.    From a decree dismissing the bill, complainant appeals.    Affirmed.

*C. H. Rose*, for complainant.

*C. M. Beardsley*, for defendant.

MOORE, J.    Defendant, a resident of British Columbia, was the original owner of the land in controversy.    His land was sold for the taxes of 1890 and 1892, to the State. The complainant made application at the office of the auditor general to buy this land, and paid for it, June 3, 1897.    He obtained his deed September 18, 1897.    Later he obtained possession of the land, and filed a bill to quiet his title.    The defendant answered the bill, and attacked the validity of the tax proceedings, assigning a number of reasons why they were void.    The circuit judge filed a written opinion of his conclusions, and dismissed the bill of

---

[1] It did not appear from the record in this case whether or not the court adjourned for the term on the same day on which the decree was rendered; but defendant's brief asserted that such was the fact.

[2] See, also, *McGinley* v. *Mining Co.*, ante 88.

complaint. According to his findings, the reason why he dismissed the bill was because, under the provisions of Act No. 229, Pub. Acts 1897, the complainant was under the necessity of giving the owner six months' notice before he could take possession of the lands, and, as he had not given the notice, he could not maintain this bill.

When the decree was rendered by the learned judge, the case of *Pierpont* v. *Osmun*, 118 Mich. 472, had not been decided. The opinion in that case is contrary to the conclusion of the trial judge. His decree, however, should stand, for another reason. It appears by the record that the order for a hearing in the tax proceedings fixed the time of hearing for the 17th day of September, 1894, while the decree establishing the lien and the amount thereof, and directing a sale, was made on the 21st of September. As has already been stated, the defendant was not a resident of this State. The only service made upon him of this proceeding was the notice provided by the statute. He did not appear and file objections, and thereby waive any of the requirements of the statute which were essential to give the court jurisdiction to enter the decree. He was entitled to five days, upon a proper showing, in which to file his objections. The decree was taken before the five days elapsed. The case is controlled by *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87, and *Youngs* v. *Clark*, 120 Mich. 528. The decree was prematurely taken, and therefore void as to those who did not appear, or otherwise waive the right to apply for further time.

The decree is affirmed, but without costs in this court.

The other Justices concurred.