## CLIFFORD v. HYDE COUNTY et al.

Scavenger Tax Law (Laws 1901, p. 54, c. 51) § 5, provides that on the expiration of 30 days from the last publication of the notice and list of delinquent tax lands the circuit court shall enter judgment against each piece or parcel of land as to which no answer shall have been filed, and section 4 declares that any person having any interest in any piece of land contained in such published list.

may, within 30 days after the last publication of the notice, file an answer with. the clerk of the circuit court. **Held,** that actions to recover judgments for taxes could not be maintained under the general court procedure, but were governed by the special act, and hence a judgment for taxes under such act, rendered before the 30 days within which the owner of the land could answer, and a tax certificate based thereon, were void for want of jurisdiction.

The certificate given for the sale of delinquent tax lands, under the Scavenger Tax. Law (Laws 1901, p. 51, c. 51), is intended to transfer title to the purchaser at the tax sale, corresponding to and serving the same purpose as the tax deed under the general law.

Though a tax deed is regular on its face, yet if some of the jurisdictional steps or precedent conditions are wanting, rendering subsequent proceedings including the sale and tax deed certificate void, the special statute of limitations will not apply.

(Opinion filed Nov. 17, 1909.)

Appeal from Circuit Court, Hyde County. Hon. LYMAN T. BOUCHER, Judge.

Action by Ellen Clifford against Hyde County and another to set aside a tax judgment and certificate. From a judgment for complainant, defendants appeal. Affirmed.

*L. E. Whitcher* and *Crawford, Taylor* & *Fairbank,* for appellants. *Gaffey* & *Stephens,* for respondent.

McCOY, J. This is an action brought by the plaintiff, who is the respondent in this court, against Hyde county and Mary Yeandle, defendants and appellants, to vacate and set aside a tax judgment and certificate of sale, rendered under what is commonly known as the "Scavenger tax law," as a cloud on the title to the S. E. ¼ of section 24, township 112, range 73, in Hyde county owned by plaintiff. It appears from the evidence in this case that the taxes on the land in question were not paid by the plaintiff from 1892 to 1899; that the treasurer of Hyde county made his list of delinquent taxes for the year 1899 and prior years, and filed the same on July 3, 1901, in the office of the clerk of the court, and that the lands in question were included in said list; that on the 7th day of August, 1901, the clerk gave the required notice of judgment by publishing the same and the said list of delinquent taxes in the Hyde County Bulletin, and which notice was published in said paper on August 17, August 24, and August 31, 1901; that on the 30th day of September, 1901,

the circuit court of Hyde county made and entered a tax judgment for the sale of said land to pay the said tax lien thereon; that said judgment was written out in the judgment book, and there signed by the judge of the circuit court and attested by the clerk, and sealed with the seal of the court, and had been on file in that office ever since; that on the 6th day of November, 1901, the land was sold under the said judgment to the defendant Mary A. Yeandle for $74.08, and the certificate of sale was issued to her and recorded in the register of deed's office on the 25th day of November, 1905. On July 17, 1902, Mary A. Yeandle gave notice of the maturity of her tax sale certificate by publishing the required notice for four weeks from July 17, to August 7, 1902. Mary Yeandle paid all the taxes assessed against the land in question after her purchase of the same at said tax sale down to and including the year 1906. This action was commenced on the 18th day of October, 1906. There is no dispute about the facts in this case. The trial court found and rendered judgment that the tax sale judgment was void, and that the statute of limitations, provided by section 18 of the "Scavenger" law, would not run against a void sale under a void judgment.

The appellants urge that the trial court erred in so finding and rendering judgment, but we are of the opinion that the position of appellants is not tenable. It is provided by section 5 of the "Scavenger" act (Laws 1901, p. 54, c. 51) that upon the expiration of 30 days from the last publication of such notice and list the circuit court shall enter judgment against each piece or parcel of land as to which no answer shall have been filed; and by section 4 of said act it is provided that any person, having any estate or title in any piece or parcel of land contained in such published list, may, within 30 days after the last publication of such notice, file, in the office of the clerk of the circuit court, an answer. Actions to recover judgments for taxes cannot be maintained under general court procedure, but by special statute which must be substantially complied with. Judy v. Banks, 133 Iowa 252, 110 N. W. 605. Thirty days not having expired at the time the tax sale judgment was entered, the circuit court was without jurisdiction to enter the same, and said judgment was there-

fore void.  2 Cooley on Taxation, 393; Wait v. McMillan, 121 Mich. 95, 79 N. W. 917; McGinley v. Calumet Co., 121 Mich. 88, 79 N. W. 928; Banks v. Ward, 118 Mich. 87, 76 N. W. 161; Youngs v. Clark, 120 Mich. 528, 79 N. W. 803; Pickett v. Hartsock, 15 Ill. 279; Williams v. Gleason, 5 Iowa 284; Spurlock v. Dougherty, 81 Mo. 171.  Under the "Scavengar" law the judgment is one of the jurisdictional steps before the sale, and, the judgment being void for want of jurisdiction, it necessarily follows that a sale based on such a judgment is also void.  The certificate which is intended to transfer title to the purchaser at tax sale under the "Scavenger" law corresponds to and serves the same purpose as the tax deed under the general law.  Although a tax deed may be regular on its face, still if some of the jurisdictional steps, or precedent conditions, are wanting, thus rendering subsequent proceedings, including the sale and tax deed or certificate, void, then the special statute of limitations will not apply.  Moran v. Thomas, 19 S. D. 469, 104 N. W. 212; Roberts v. Banks, 8 N. D. 504, 79 N. W. 1049.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J. (dissenting).  I am unable to concur in the opinion of Justice McCOY for the reason that I am of the opinion that the tax judgment, while voidable and subject to have been set aside in a proper proceeding, was not void, and that therefore the sale thereon was regular and the title not open to question after two years.

I think a careful examination of cases cited in the opinion will show that they are of little weight, the cases in the Northwestern Reporter are all from Michigan, and the one in 118 Mich. 87, 76 N. W. 161, states that decision is based, not on ground of being a matter of special jurisdiction where proceedings must be strictly construed, but that in Michigan, in all "in rem" cases, a default judgment taken before time for answer had expired is absolutely void.  The other Michigan cases cited simply follow the one in 76 N. W. 161.  This is not the general law.  Further, while some courts hold to a different rule in tax judgment cases than in others, yet we believe the better rule is

that provisions for tax judgment and sale are simply another method for collecting taxes, and that every presumption in favor of the court's action should exist in these cases as in the ordinary actions in courts. Black, Tax Titles (2d Ed.) § 178, par. 2, cases cited; Jackson v. State, 104 Ind. 516, 3 N. E. 863; Allen v. McCabe, 93 Mo. 138, 6 S. W. 62, 63. See, particularly, Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Mitchell v. Aten, 37 Kan. 33, 14 Pac. 497, 1 Am. St. Rep. 321. Note, also, case of Kerr v. Murphy, 19 S. D. 184, 102 N. W. 687, 69 L. R. A. 499, and the cases cited with approval therein, some of which are "in rem" cases, and therefore against the doctrine upon which the Michigan decisions are based.