GATES *v.* JOHNSON.[1]

| 121 | 663 |
| d122 | 148 |

1. Tax Sales — Right to File Objections to Tax — Sessions of Court.

| 121 | 663 |
| f123 | 118 |

A taxpayer cannot be said to have been deprived of the right, given him by section 66 of the tax law of 1893, to appear and ask leave to file objections to the tax at any time within five days after the day fixed for hearing the auditor general's petition for the sale of the land, on the ground that the court did not remain in session during that period, where it appears that, although the judge was not present, the court was, pursuant to his instructions, convened by the clerk and sheriff every day, for the purpose of permitting such applications to be filed, and adjourned until the following day, up to the fifth day, at which time, no one having appeared, an adjournment was had for the term.

| 121 | 663 |
| f124 | 277 |

| 121 | 663 |
| f125 | 118 |

| 121 | 663 |
| s80NW | 709 |

| 121 | 663 |
| 141 | ¹189 |
| 121 | 663 |
| 143 | ¹241 |

| 121 | 663 |
| 146 | ³506 |

2. Same — Failure to Attach Certified Copy of Decree to Tax Record.

A tax sale is not void for failure to attach a certified copy of the decree to the tax record, as required by section 67 of the tax law.

3. Same — Collateral Attack on Decree.

A tax sale cannot be collaterally attacked by showing that the figures in the tax record indicating the amount decreed against the land were inserted after the decree was signed. *Wilkin* v. *Keith, ante,* 66, followed.

Error to Sanilac; Beach, J.   Submitted October 6, 1899. Decided November 7, 1899.

Ejectment by Charles F. Gates against Freeman B. Johnson. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

This is an action of ejectment.   Plaintiff's title rests upon a deed made by the auditor general upon a sale of the land for the taxes of 1891.   By what title defendant

---

[1] Rehearing denied February 7, 1900.

claims, does not appear; the record simply showing that he was in possession of the land. Three objections are urged against the validity of the tax deed:

1. That the court was not in session for five days after the date set for hearing in tax matters.

2. That there was no certified copy of the decree attached to the tax record.

3. That the extension of the taxes opposite the lands of the defendant was made after the decree was signed.

*H. O. Babcock* and *J. S. Crandell*, for appellant.

*Charles F. Gates, in pro. per.*

GRANT, C. J. *(after stating the facts).* 1. The hearing upon the petition of the auditor general was fixed for November 13, 1893. Court was in session upon that and the following day. The circuit court journal shows that this was a special term; that the court had a hearing in tax matters; that an adjournment was duly had from the 14th to the 15th. On the 15th, court was opened in due form by the sheriff, and, the circuit judge not appearing, court was adjourned at 6 o'clock p. m. until the following day. The like proceeding was had on November 16th and 17th, and on the 18th, the judge not appearing, the court was adjourned without day. It was shown by the clerk of the court that the judge instructed the clerk to thus adjourn the court for the purpose of receiving and filing protests. None were filed, and on November 23d the decree was made and filed as of November 18th.

It appears from the record that these adjournments were had from day to day for the purpose of allowing taxpayers to file their protests. Evidently they would have been considered if they had been filed. It was not necessary for the court to be actually in session in order that a taxpayer might file his protest, or petition for further time to do so. While he could present it to the court without filing, it is customary to file all such papers before the hearing. This is not a case where the court had closed the term and adjourned *sine die.* Defendant could have

had his day in court, had he seen fit to file his objections within the five days. He was not deprived of the right so to do. He did not appear at the court-room to present his paper, or at the clerk's office to file it. It is a fair inference that the judge was ready to appear in court and hear him or any other taxpayer who desired to present his claim. The judge is not required to actually sit upon the bench, so as to enable the taxpayer to make his application. Had the judge actually been present every morning, and, there being no business, had adjourned the court to the following morning, there would have been a session of the court, within the meaning of the law. There is no time fixed by the law, as there is for boards of review, to be in actual session.

2. The statute provides that, "immediately after the entry of such decree, the county clerk shall make a certified copy thereof, and annex the same to the tax record." Act No. 206, Pub. Acts 1893, § 67. A tax deed cannot be collaterally attacked except in cases where it appears upon the face of the record that the court had no jurisdiction. It is not the certified copy of the decree that confers jurisdiction to sell the lands, but the decree itself. Counsel cite, to support their contention, *Hall* v. *Mann*, 118 Mich. 201, and *Hooker* v. *Bond*, Id. 255. The question was not passed upon in either of these cases. The statute provides "that no sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation." Act No. 206, Pub. Acts 1893, § 70. In *Spaulding* v. *O'Connor*, 119 Mich. 45, we said of this provision: .

"If we hold that a sale may be set aside for irregularities, other than the two excepted, upon petition filed after confirmation, we shall have difficulty in finding a purpose for this provision, and in such case it might as well have been omitted from the law."

Section 99 of the law also provides that no sale "shall be held invalid by any court of this State on account of any * * * irregularity, informality, or omission, or

want of any matter of form or substance, in any proceeding, that does not prejudice the property rights of the person whose property is taxed." The failure to attach the certified copy is not an irregularity which prejudices the property rights of the defendant.

3. This point is ruled against the defendant by *Wilkin* v. *Keith*, *ante*, 66. This point cannot be raised in a collateral proceeding.

Judgment affirmed.

The other Justices concurred.