## MILLER v. BROWN.

TAX SALES — VALIDITY OF DECREE — FAILURE OF COURT TO RE-
MAIN IN SESSION.
  A decree for the sale of land for taxes is void where, on the day
    fixed for hearing the auditor general's petition, the court
    adjourned to a day six days later, and on that day adjourned
    to a day four days later, on which day the decree was ren-
    dered; the taxpayer being entitled, under section 66 of the
    tax law (Act No. 206, Pub. Acts 1893), to five court days,
    after the day fixed for the hearing, in which to ask leave to
    file objections to the tax.

| 122 | 147 |
|-----|-----|
| 128 | 532 |
| 122 | 147 |
| s80NW | 999 |
| 122 | 147 |
| 136 | 161 |
| 122 | 147 |
| 143 | 241 |

Appeal from Kalkaska; Aldrich, J.   Submitted Octo-
ber 27, 1899.   Decided December 2, 1899.

Bill by Cassius E. Miller against Frank E. Brown and
John Sehler to quiet title.   From a decree dismissing the
bill, complainant appeals.   Affirmed.

*James H. McFarlan*, for complainant.
*Wolcott & Ward*, for defendants.

MONTGOMERY, J.   This is a bill to quiet title.   The
bill was dismissed, and complainant appeals.   The com-
plainant claims under a tax deed from the auditor general
for taxes of 1893, on a sale made under a decree rendered
October 4, 1895.   It is contended that the decree author-
izing sale was unauthorized, for the reason that the owner
was not allowed five days in term within which to present
application for leave to file objections.   The order fixed
the day of hearing as September 24, 1895.   The circuit
judge was not present on that day, but sent an order to
adjourn the court to Monday, the 30th, which was done.
The court was in session on the 30th, and adjourned to
October 4th, when the decree was rendered.

Section 66 of the tax law (Act No. 206, Pub. Acts .1893) provides that:

" If, within the first five days after the day fixed in such notice for the hearing of such petition, it shall be made to appear to the court that any person has been prevented from filing objections to any tax, without fault on his part, such further time may be granted for that purpose as may seem proper, not exceeding five days."

We think the owner of lands is entitled under this section to five court days; *i. e.*, five days in which he can make it appear to the court that he has been prevented from filing objections, etc. See *McGinley* v. *Mining Co.*, 121 Mich. 88. This does not mean five consecutive days, but five days in which the proceedings authorized may be taken. The case is unlike *Gates* v. *Johnson*, 121 Mich. 663. In that case it appeared that the court was adjourned from day to day for the express purpose of receiving applications, and that it was a fair inference that the judge was ready to appear in court at any time to hear any taxpayer desiring to present his claim. This was held sufficient. But in this case there was no opportunity to present an application to the court before September 30th, and after that date no other opportunity until October 4th.

The decree will be affirmed.

The other Justices concurred.