BROWN *v.* HOUGHTON MINERAL LAND & MINING CO.·

| 123 | 117 |
| f125 | 118 |
| 123 | 117 |
| s81NW | 969 |
| 123 | 117 |
| 141 | 189 |
| 123 | 117 |
| 143 | 241 |

TAXATION — PROCEEDINGS AGAINST DELINQUENT LANDS — OBJEC-
TIONS—SESSIONS OF COURT.

> A taxpayer was sufficiently protected in the right, given him by
> section 66 of the tax law of 1893, to appear and ask leave to
> file objections to the tax at any time within five days after
> the day fixed for hearing the auditor general's petition for
> the sale of the land, where the court was in session continu-
> ously from November 10th, the day set for the hearing, to
> and including the 14th, and then adjourned until Monday,
> the 16th, when the decree was made and entered. *Gates* v.
> *Johnson*, 121 Mich. 663, followed.

Appeal from Alger; Steere, J. Submitted January 5,
1900. Decided February 20, 1900.

Bill by Charles R. Brown against the Houghton Min-
eral Land & Mining Company to quiet title. From a
decree for complainant, defendant appeals. Affirmed.

*C. R. Brown & Son*, for complainant.

*Cook & Pelham*, for defendant.

LONG, J. The bill in this cause was filed to quiet com-
plainant's title to certain wild and unimproved lands.
The complainant claims title under a tax deed made upon
a sale of the lands for the delinquent taxes of 1894. The
only question in the case is whether the sale was invalid
because the court did not remain in session the number of
days required by the statute in order to give the delinquent
taxpayers opportunity to present objections to the auditor
general's petition.

Section 66 of the tax law of 1893 (Act No. 206, Pub.
Acts 1893) provides:

"If, within the first five days after the day fixed in such
notice for the hearing of such petition, it shall be made to

[1] Rehearing denied June 5, 1900.

appear to the court that any person has been prevented from filing objections to any tax without fault on his part, such further time may be granted for that purpose as may seem proper, not exceeding five days."

It appears that the time fixed for the hearing of the auditor general's petition was Tuesday, November 10, 1896. The court convened on that day, and continued to hold regular, daily sessions thereafter until and including Saturday, November 14th, and on that day adjourned until Monday, November 16th, on which day it held its session, and entered the decree upon which the sale of the land was made, and adjourned *sine die*. The landowner neither made nor filed any application for further time in which to file his objections to the relief prayed for in the auditor general's petition. The complainant purchased the lands at the regular annual tax sale thereafter. It is the contention of the defendant that it had five full secular days, of 24 hours each (in each of which a session of the court was had), after the day fixed for hearing the petition, in which to apply for further time to file objections, and that no decree could properly be made and entered until the sixth secular day after the hearing.

We think the case is controlled by *Gates* v. *Johnson*, 121 Mich. 663 (80 N. W. 709). There the time for hearing the petition was fixed for November 13th. The court was in session November 13th to November 17th inclusive, and adjourned until the next day, but did not appear on the next day (the 18th). The decree was made on the 23d following. This was held a sufficient length of time for the taxpayer to present his objections, under the statute. In the present case the court was in session continuously from November 10th to the 14th inclusive, and then adjourned until Monday, the 16th, when the decree was made and entered. This was a sufficient length of time fixed by the statute.

The decree below must be affirmed, with costs.

The other Justices concurred.