## BROWN *v.* NAPPER.

TAX SALES—PREMATURE DECREE.

   A decree of sale in a tax proceeding, entered on the fifth day after the day fixed for hearing the auditor general's petition, the court having been in continuous session in the meantime, is not premature, within section 66 of the tax law of 1893, giving landowners five days after such day of hearing within which to appear and ask leave to file objections to the tax.

Appeal from Alpena; Kelley, J. Submitted October 4, 1900. Decided October 31, 1900.

Petition by George F. Brown and A. B. Cullen against Robert Napper and John E. Fitzpatrick for a writ of

assistance.   From an order granting the writ, respondents appeal.   Affirmed.

*Black & Brown*, for petitioners.

*J. D. Turnbull*, for respondents.

Per Curiam.   The only question involved in this case is the validity of a decree made for the delinquent taxes of 1893.   The time fixed for the hearing of the petition of the auditor general was Monday, November 11, 1895. The court remained in session each day successively, up to and including Saturday, November 16th, at which time the decree was taken.   Neither of the respondents appeared or objected to the entry of the decree.   They now insist the decree was taken one day too soon.   We think the recent cases of *Gates* v. *Johnson*, 121 Mich. 663 (80 N. W. 709), and *Brown* v. *Mining Co.*, 123 Mich. 117 (81 N. W. 969), are controlling against the claim of respondents.

The decree of the court below is affirmed.