ALLEN v. COWLEY.

1. TAXATION—DECREE OF SALE—VALIDITY—SESSIONS OF COURT—LEAVE TO FILE OBJECTIONS TO TAX.

The hearing of the auditor general's petition in a tax proceeding was set for October 15th, on which day an adjournment was had to the 29th.    Court was in session on that day and the four following days, when it adjourned *sine die;* and a decree of sale was subsequently entered as of October 31st, the day on which tax matters were heard.    *Held,* a sufficient compliance with 1 Comp. Laws, § 3889, giving landowners the right to apply for leave to file objections to the tax at any time within the "first five days after the day fixed" for hearing the auditor's petition.

2. SAME—TRESPASSERS—TIMBER SOLD BY STATE.

A trespasser cutting timber on lands the title to which is in the State under a valid tax sale, and suing to recover the timber from a purchaser of the same from the State under 1 Comp. Laws, § 3936, will not be heard to object to the regularity of such sale of the timber.

Error to Alcona; Connine, J. Submitted October 10, 1901. Decided October 22, 1901.

Replevin by Thomas T. Allen against Helen C. Cowley. From a judgment for defendant, plaintiff brings error. Affirmed.

*W. H. Simpson,* for appellant.

*Fred A. Beede* (*De Vere Hall,* of counsel), for appellee.

HOOKER, J. The plaintiff cut and claims to own certain logs and bark which grew upon land described in the declaration. It was afterwards taken from his possession by the defendant under a claim of ownership—*First,* as purchaser at a sale by the sheriff, under an auditor general's warrant; *second,* under a deed from one Ida Farnham, who is alleged to have owned the premises. Thereupon the plaintiff replevied the logs and bark. The evidence offered upon the trial showed that the property sold by the sheriff consisted of 1,764 logs. The jury found a verdict for the plaintiff for all of the property except the 1,764 logs, and for these gave a verdict for the defendant, from which the plaintiff has appealed. His brief states that the questions are three, viz. :

" 1. Were the proceedings had by the sheriff in making the sale of the 1,764 logs under the auditor general's warrant void ?

" 2. Were the proceedings had in the circuit court of the county of Alcona, in chancery, decreeing the sale of the lands for the taxes of 1893, void ?

" 3. Should the circuit judge have granted a new trial upon any of the reasons assigned in the motion for a new trial ?"

The learned circuit judge held the proceedings upon the tax of 1893 valid, and those for the taxes of other years void. We may therefore confine our inquiry to the proceedings for the tax of that year.

Did the court err in holding the proceedings of the circuit court valid in decreeing the sale of the land for non-

payment of the tax of 1893? The testimony shows that the order fixed the 15th day of October, 1895, as the day for hearing the auditor general's petition. Upon that day court was opened, and adjourned to October 29th upon the written order of the judge, according to the statute. Court was in session October 29th, 30th, and 31st, on which days tax matters were heard by Judge Kelley, of another circuit. Court continued in session November 1st and 2d, when it adjourned *sine die*. On the 5th of November the decree was filed as of the 31st day of October. Nothing indicates that objections were filed during the intervening time. Counsel contends that the landowner had a right to file objections within the first five days after October 15th, and that after the hearing on the 31st there was no opportunity to file objections. We are of the opinion that there was ample opportunity to file objections, under the decision in the case of *Miller* v. *Brown*, 122 Mich. 147 (80 N. W. 999). Had the decree been entered on October 31st, as it purports to have been, the court would have promptly set it aside upon a proper showing that objections had been seasonably made. In fact, it was not entered until the 5th, as the filing shows, it being filed *nunc pro tunc* as of the day of hearing. On the face of the testimony the court was not in error in sustaining the tax proceedings for 1893, and he might have added that title to the land was in the State.

The title to the land being in the State, it was the lawful owner of the timber thereon, and the plaintiff was a trespasser in cutting it. It did not become his by such cutting; nor was the original owner able to convey title to him, because she had no title, it having been devested by the sale for taxes, whereby her interest vested in the State absolutely after the expiration of the period for redemption. The defendant purchased and paid for the title of the State through proceedings intended to conform to a statute authorizing it. 1 Comp. Laws, § 3936. The plaintiff attacks this purchase upon the ground that the sale did not conform to the statute—*First*, because the notice

posted was a notice of eight days only, and the notice of adjournment did not state the hour or place of sale; *second*, because the sale was not made within sight of the timber sold. We incline to the opinion that the plaintiff cannot question the regularity of this sale. The State has received its pay for the timber, and there is nothing to indicate that it questions the validity of the sale. Being good between the parties, plaintiff, a trespasser, cannot complain.

The only remaining question relates to the denial of a new trial. In this, we think, the court did not err.

The judgment is affirmed.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.