HICKEY v. RUTLEDGE.

1. TAXATION—STATE TAX LANDS—TITLE OF STATE.
   As between the State and the original owner of lands sold to it for taxes at regular sale, the title of the State is absolute, although such owner has a subsequent right to redeem upon a sale of the State's interest.

2. SAME — TRESPASS — TIMBER — SUBSEQUENT PURCHASE BY TRESPASSER.
   Where timber was severed from State tax land by one who subsequently purchased the land from the State, the title to the timber did not pass to him, but remained in the State, which, through its trespass agent, was justified in seizing the same.

Case made from Roscommon; Sharpe, J. Submitted January 15, 1904. (Docket No. 87.) Decided March 23, 1904.

Replevin by George Hickey against Homer Rutledge. There was a judgment for plaintiff, and defendant assigns error. Reversed.

*Charles L. De Waele,* Prosecuting Attorney (*Emil Stenberg,* of counsel), for appellant.

*Henry H. Woodruff,* for appellee.

MONTGOMERY, J.   This is replevin brought by a purchaser of State tax land against a State trespass agent for ties cut from such land while the title remained in the State.   The ties were cut by plaintiff, who entered before purchase.   The contention of the defendant was that, upon a severance, the timber became personal property, belonging to the State, and that, as a consequence, the subsequent sale to the plaintiff of the State's title to the land did not vest in the plaintiff title to the severed timber.   The circuit court held otherwise.

The regularity of the proceedings by which the title to the land in question was vested in the State is not questioned. It is settled that, as between the State and the original owner, the title to lands sold for nonpayment of taxes becomes absolute in the State on a regular sale.   *Robbins* v. *Barron,* 32 Mich. 36; *Connecticut Mutual Life-Ins. Co. v. Wood,* 115 Mich. 444 (74 N. W. 656); *Allen* v. *Cowley,* 128 Mich. 530 (87 N. W. 620).   It is true that, as to the original owner, there is a subsequent right to redeem, upon a sale of the State's interest, upon payment of double the amount of the taxes and costs, after notice.   But it is clear that, when timber is severed from land, it becomes personal property, and the question arises whether, as between the State, in which the title is vested, and the subsequent purchaser, the title to such personal property vests in the State.   We think this question is answered by *Allen* v. *Cowley, supra.*

The circuit judge was of the opinion that, the State having conveyed all the interest it had in the land after the trespass was committed, it was not any longer the province of the commissioner of the State land office to collect for the trespass committed prior to that date.   In this we think the circuit judge erred.   When this timber

was severed, the right of the State to pursue it became fixed. It was no longer a part of the land. The purchaser of the land would not take the timber by purchase from the State. In whom, then, is the title to be vested? In a naked trespasser? Clearly, the rights of this plaintiff are no greater under his purchase than they would have been had the trespasser been a third party. The State having a title at the time he committed the trespass, and the right to seize and pursue the timber, it does not lie in his mouth to say that that right has been defeated by a sale of something other or different, whether such sale be to another or to himself.

Judgment will be reversed, and judgment entered upon the findings for the defendant.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.