## NAPPER *v.* FITZPATRICK.

JUDGMENTS—RES JUDICATA—DEFECTS IN TAX SALE.
    The validity of a tax deed is established by the decree in the tax sale proceedings, and the contesting owner cannot retry that issue by a subsequent action of ejectment against the tax sale purchaser on a ground since discovered.

Error to Alpena; Emerick, J.    Submitted January 17, 1905.    (Docket No. 57.)    Decided February 27, 1905.

Ejectment by Robert Napper against John E. Fitzpatrick and others.    There was judgment for defendants on a verdict directed by the court, and plaintiff brings error.    Affirmed.

*O'Brien & Francis*, for appellant.

*Black & Roberts* (*McFarlan & Wilson*, of counsel), for appellees.

GRANT, J.    Plaintiff acquired title in fee from the original owner of the lands in controversy by the foreclosure of a mortgage.    Taxes were not paid, and the defendants Brown and Cullen acquired the tax title upon the usual petition by the auditor general for the foreclosure of tax liens, and petitioned for a writ of assistance.    To this the plaintiff appeared and filed an answer, contesting the va-

lidity of the decree and deed. The reason then assigned was that the decree was prematurely entered. The court entered a decree for the petitioners, granting the writ of assistance. Plaintiff appealed, and the decree was affirmed by this court. *Brown* v. *Napper*, 125 Mich. 117. Plaintiff afterwards instituted this action of ejectment, alleging another objection to the validity of the defendants' deed, namely, that they did not pay certain other taxes which were then due and a lien upon the lands, and which should have been included in the purchase price, under *Hughes* v. *Jordan*, 118 Mich. 27, and *Wilkin* v. *Keith*, 121 Mich. 67.

The issue involved in the proceedings for the writ of assistance was the validity of the tax deed. Plaintiff should have interposed then all the objections he had to the validity of the deed. Its validity is res adjudicata by that decision. He is not now entitled to retry that issue on grounds which he may have since discovered. The case is expressly ruled by *Peters* v. *Youngs*, 122 Mich. 484.

Judgment is affirmed.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.