BLAKE v. GRONDIN.

TAXATION—STATE TAX LANDS—TRESPASS—RIGHT TO SUE.
   The right of action for trespass on lands that have been bid in
   for the State for delinquent taxes belongs to the State and
   not to the owner of the original title.

Error to Schoolcraft; Steere, J. Submitted April 14,
1905. (Docket No. 82.) Decided July 21, 1905.

Trespass by Richard Blake against Edward A. Grondin
under 3 Comp. Laws, § 11204. There was judgment for
plaintiff, and defendant brings error. Reversed.

*C. W. Dunton* and *V. I. Hixson*, for appellant.
*Ball & Ball*, for appellee.

CARPENTER, J. Plaintiff brought this suit under the
statute authorizing treble damages for trespass, and re-
covered a judgment in the court below. The facts are as
follows:

The trespass consisted in cutting timber on certain land.
The original owners of the land were the trustees of the
estate of Francis Palms, deceased. The taxes assessed
against the land had not been paid for several years. The
land had been sold for the nonpayment of said taxes and
bid off to the State, and at the time of the alleged trespass
the time for redemption had expired. After the trespass
was committed, defendant purchased the title of the State
and obtained a deed. Still later plaintiff bought the title
of the trustees of the Palms estate, and procured an as-
signment of their right of action against defendant. De-
fendant insists that under these facts the learned trial judge
erred in not directing a verdict in his favor. His conten-
tion does not rest upon the ground that he acquired the
title of the State after the trespass was committed, for

this circumstance was immaterial (see *Huron Land Co.* v. *Robarge*, 128 Mich. 686), but he does insist that the right of action for the trespass belonged to the State and not to the original owner of the land.

Plaintiff denies that the right of action belonged to the State, and insists that, notwithstanding the purchase by the State, the right of action for the trespass belonged to the original owner of the land. He contends that the State takes the title of the land only "for the purpose of securing its lien and collecting its revenues." In *Hickey* v. *Rutledge*, 136 Mich. 128, this same contention was made, and it was supported by substantially the same arguments advanced by plaintiff. Our decision in that case denied this contention and overruled these arguments. We there held that the right of action for a trespass committed on State tax land continued in the State, notwithstanding the fact that it had, after the trespass was committed, transferred its title (thereby obtaining full payment for its tax lien and charges) to the trespasser himself. Plaintiff insists that that decision is not controlling, because there the controversy arose between the State and the trespasser, while here it arises between the original owner of the fee and the trespasser. We think this distinction altogether unimportant. According to our decision in *Hickey* v. *Rutledge*, the State could in the case at bar recover against defendant, upon the ground that at the time the trespass was committed it was the owner of the property. It would be in direct conflict with this decision to hold that the trustees of the Palms estate might also recover as the owners of the property. We cannot sustain plaintiff's contention without deciding that the right to recover damages for cutting timber on State tax lands belongs *in all cases* to the original owner of the title, and not to the State. Such a holding is not only forbidden by *Hickey* v. *Rutledge*, supra, but it would obviously be disastrous to the State's interests, and would tend to defeat the purpose of the tax law.

Plaintiff also contends that there is no proof of the reg-

ularity of the proceedings by which the State acquired title. These proceedings were introduced in evidence. No irregularity was pointed out, and no objection made to them. We therefore feel forced to assume that they disclosed no irregularity which affected the title. It follows, therefore, that the trial court erred in refusing to direct a verdict in defendant's favor.

Judgment will be reversed, and a new trial ordered.

MOORE, C. J., and MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.