141 187|
f143 242|

141 187|
f150 487|

WOLVERINE LAND CO. *v.* DAVIS.

TAXATION—SALES—DECREE—ENTRY—VALIDITY.

Where a decree for the sale of lands delinquent for taxes was made on the date fixed for hearing the petition, but the court was in session 19 days thereafter before the decree was presented to the register in chancery, and no objection was filed to the tax, the decree, not being a decree until received, countersigned, and entered by the register, was made after the expiration of the five days' notice provided by Act No. 206, § 66, Pub. Acts 1893, and was therefore valid.

Appeal from Oakland; Smith, J. Submitted January 12, 1905. (Docket No. 52.) Decided September 19, 1905.

Petition by the Wolverine Land Company against Daniel L. Davis and others for a writ of assistance. From a decree dismissing the petition, petitioners appeal. Reversed.

*R. S. Woodliff* and *D. W. Closser*, for petitioner.

*P. B. Bromley*, for defendants.

HOOKER, J. Petitioner appealed from a decree of the circuit court denying a writ of assistance to put it in possession of premises by virtue of a tax deed. The auditor general's petition for the sale of delinquent tax lands was filed July 29, 1896, and an order obtained setting September 21, 1896, as the date upon which the matter would be heard. The decree bore date September 21, 1896, but was not presented to the register in chancery until November 11th following, on which date he countersigned and entered it. Sale was made December 7th, and a certificate of sale issued to Baldwin, and on May 3, 1898, he received a tax deed. On May 29, 1903, the executors of his estate deeded the premises to the petitioner, and the petition for writ of assistance was filed. It was claimed on the hear-

ing, and the circuit court held, that the decree was premature and void. The September, 1896, term of the circuit court convened on September 21st, and was in session 19 full days before November 11th. No objection was filed to the tax by any one at any time.

The testimony shows beyond dispute that this decree was not received by the register in chancery until November 11th, when he countersigned, filed; and entered it. Although it was dated September 21st, the date fixed by the order of publication as the date on which the tax petition would be heard, this cannot be considered to have been a decree before it was received by the register. See *Sellers* v. *Botsford*, 9 Mich. 490; *Newbould* v. *Stewart*, 15 Mich. 155; *Kingsbury* v. *Kingsbury*, 20 Mich. 215. It was therefore made after the expiration of the five days provided by the statute. We have held that where a decree has been rendered, and the court adjourned sine die without sitting five days after the time fixed for hearing the tax proceeding, the decree was void. We have never held, however, that this was so where the court was shown to have been in session the requisite period, and we have intimated that, although a decree may be entered before the expiration of the five days mentioned in section 66, Act No. 206, Pub. Acts 1893, and no one has appeared and filed objections, with a showing that he had been prevented from filing them earlier without fault on his part, the decree is not rendered void. The law contemplates that the court will adjudicate upon such a showing; not that the application necessarily gives a right to file objections and have them heard. In such a case, if the judge should deny the application, his decision would be final, if not appealed from; and, as we have said, the fact that a decree had been entered would not preclude his granting the application. But, where the court has adjourned without sitting the requisite five days, another question is presented, and we have held that, there being in such case an abridgment of the statutory opportunity for presenting this application, the decree was made void. We

think the subject is fully covered by the cases cited, viz.:
*Youngs* v. *Clark,* 120 Mich. 528; *Gates* v. *Johnson,* 121
Mich. 664; *Brown* v. *Mining Co.,* 123 Mich. 117; *Brown*
v. *Napper,* 125 Mich. 117; *Allen* v. *Cowley,* 128 Mich.
531; *Peninsular Sav. Bank* v. *Ward,* 118 Mich. 93; *Mc-
Ginley* v. *Mining Co.,* 121 Mich. 89.

The decree is reversed, and a decree will be entered
granting the prayer of the petition, and with costs of both
courts.

MOORE, C. J., and CARPENTER, MONTGOMERY, and
OSTRANDER, JJ., concurred.