GOODELL *v.* AUDITOR GENERAL.

1. TAXATION—TAX SALE—DECREE—ENTRY—TIME.

A decree for the sale of land for taxes founded on service by publication is not void because rendered before the statutory five days (section 66, Act No. 206, Pub. Acts 1893) have elapsed, where the court remains in session sufficiently long to afford the statutory opportunity for objection.

2. SAME—ORDER OF HEARING—FORM.

An order of hearing in the form prescribed by section 3885, 1 Comp. Laws, is sufficient under section 62, Act No. 206, Pub. Acts 1893, which provides that the form therein specified shall be "substantially" followed.

Appeal from Houghton; Streeter, J. Submitted February 9, 1906. (Docket No. 129.) Decided March 5, 1906.

Petition by Rufus R. Goodell against Perry F. Powers, auditor general, and Allen F. Rees to set aside a sale of land delinquent for the taxes of 1894. From a decree for petitioner, respondent Rees appeals. Reversed, and petition dismissed.

*M. J. Sherwood,* for petitioner.

*Chadbourne & Rees,* for appellant.

HOOKER, J. Appellant, Rees, purchased the S. W. ¼, section 29, township 52 N., range 36 W., for delinquent taxes of 1894, at the statutory sale held in December, 1896. The day set for hearing the tax petition was November 2d. The court was in session November 2d, November 5th, and November 7th, when the decree of sale was made. The court then sat the following days, viz.: November 9th, 10th, 11th, 12th, 13th, 16th, 17th, and 21st, when it adjourned sine die. A tax deed was made May 17, 1898. The petition and order of hearing were,

respectively, entitled: "In the Matter of the Petition of Stanley W. Turner, Auditor General," etc. Two questions are raised:

(1) Was the decree void because entered before the expiration of five days in term?

(2) Were the proceedings void for want of jurisdiction because of noncompliance with section 62 of the tax law? Act No. 206, Pub. Acts 1893.

This application is a petition to set aside the decree. It was granted by the circuit court, and the auditor general has appealed.

1. The contention that a court does not obtain jurisdiction to render a decree when the proceedings rest on publication until five days have elapsed after the day set for hearing is not sound. No one could reasonably contend that such a defect could not be cured by vacating the decree and entering another later. The entry of the decree might be an irregularity, or, if not even irregular, it might become void upon the face of proceedings, in case the court should adjourn sine die within the five-day period. Many such cases have been cited in the briefs. *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 92; *McGinley* v. *Mining Co.*, 121 Mich. 88; *Gates* v. *Johnson*, 121 Mich. 663; *Wait* v. *McMillan*, 121 Mich. 96; *Miller* v. *Brown*, 122 Mich. 147; *Brown* v. *Mining Co.*, 123 Mich. 117; *Brown* v. *Napper*, 125 Mich. 117; *Aztec Copper Co.* v. *Auditor General*, 128 Mich. 618. It has been held that the publication of the order and proof thereof gives the court jurisdiction. *In re Wiley*, 89 Mich. 58. Failure to enter an order pro confesso before decree was disregarded as an irregularity in *Jenkinson* v. *Auditor General*, 104 Mich. 34, and *Hooker* v. *Bond*, 118 Mich. 255. See, also, *Burns* v. *Ford*, 124 Mich. 274.

We have intimated in several cases that the entry of the decree within the five-day period is not of itself fatal, provided the court remains in session sufficiently long to afford the statutory opportunity, while in many others

we have placed emphasis on the fact of an earlier adjournment. Among the latest of these are *Allen* v. *Cowley,* 128 Mich. 530, and *Wolverine Land Co.* v. *Davis,* 141 Mich. 187. The question is now before us, and we must hold the decree valid. It is said that, although an irregularity, this being a direct attack, relief should be given, but counsel fail to show why we should set aside the proceedings. There is nothing to indicate that there was any appearance and objection filed within the five-day period. On the contrary, the absence of such is indicated by the record.

2. The present statute says that the clerk shall prepare an order to be signed by the circuit judge.

"Said order shall be substantially in the following form: * * *

"In the matter of the petition of ———, auditor general of the State of Michigan, for and in behalf of said State, for the sale of certain lands for taxes assessed thereon." 1 Comp. Laws, § 3885.

This is the form used. It is contended that the form used should have been:

"In the matter of the petition of the State of Michigan, for the sale of certain lands for taxes assessed thereon."

That was the form specified in section 62, Act No. 206, Pub. Acts 1893, which required the order to be "*substantially*" in that form. We think the language used a substantial compliance therewith.

We are constrained to reverse the decree. The petition is dismissed, with costs of both courts.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.