BROWN v. NAPPER.

REVIEW—BILL—LEAVE TO FILE—DELAY.

Leave to file a bill of review in proceedings by a tax sale purchaser for a writ of assistance will be denied when applied for more than five years after the decree was granted, during which time the applicant has known of the defense which he desires to interpose to the tax sale proceedings, and has paid neither the taxes on the land nor his adversaries' disbursements in defending against his ill-advised litigation.

Petition by George F. Brown and A. B. Cullen against Robert Napper and John E. Fitzpatrick for a writ of assistance: On motion of Robert Napper for leave to file a bill of review. Submitted May 2, 1905; reargued April 3, 1906. (Calendar No. 18,087.) Motion denied April 30, 1906; rehearing denied July 24, 1906.

*O'Brien & Francis,* for the motion.

*McFarlan & Wilson,* contra.

HOOKER, J. This is an application for leave to file a bill of review, in a cause once before this court. See *Brown* v. *Napper,* 125 Mich. 117. The question there determined was that a decree for delinquent taxes for 1893 was valid. It was decided at the October term, A. D. 1900, both parties being represented by counsel in both courts. The petition shows that the petitioner was served with the statutory notice in August, 1899, but relying upon the statements of his mortgagor, whose duty it was to pay the taxes, that said taxes had been paid, he contested the purchaser's claim, and was defeated. Brown & Cullen, the purchasers, made the purchase under section 84 of Act 206 of the Public Acts of 1893, 1 Comp. Laws, § 3907, and at that time failed to pay the delinquent taxes for 1896. Petitioner knew this in 1899 and bought the tax title for that year, but claims that he did not learn until 1904, that this was a fatal defect in the title of Brown & Cullen, and that he would have prevailed in his litigation had the question been raised at the hearing of the application for the writ of assistance in 1900. Subsequently he asked the auditor general to cancel the deed of Brown & Cullen and to issue a deed to him (presumably upon a proper tender), and, being denied this, he thereupon brought an action of ejectment against Brown & Cullen, in which he was defeated, and he appealed to the Supreme Court where he was again defeated, the judgment being affirmed. *Napper* v. *Fitzpatrick,* 139 Mich. 139. He has now filed an application in this court for leave to file a bill of review in the proceedings for a writ of assistance, relying upon the case of *Hughes* v. *Jordan,* 118 Mich. 27, to show that, under the facts stated, the writ of assistance was erroneously awarded. That case was decided two years before the writ of assistance in this case was applied for. Petitioner then knew

that the tax of 1896 was not paid by Brown & Cullen, for he had bought that title himself in May, 1899, and afterward took a deed from the auditor general for the west 40 acres, the east 40 acres not having been returned as delinquent. He claims to have been assiduous in his efforts to obtain his rights, and ascribes his failure thus far to his ignorance of the law and the failure of his counsel to properly present his case; i. e., the failure of Turnbull to raise the question alluded to at the hearing in 1900. This he would have the court ascribe to a mental disease with which he claims that Turnbull was afflicted, which he attempts to show and to some extent does show by affidavits attached to his petition.

Upon the part of the original petitioners, Brown & Cullen, attention is called to the fact that Napper's own affidavit discloses that he showed to Turnbull his tax certificate for the tax of 1896, and that he replied " This ends the case, say nothing about it," and he did so. Also that it appears in the case that other counsel have had charge of Napper's papers and affairs for 10 years, yet did not inform him of his proper defense, any more than Turnbull did, and not until four years after this decree was affirmed was any step taken, and then ineffective proceedings were commenced and carried to the court of last resort. We are not advised that petitioner has ever offered or proposed to make the complainants whole, by tendering even their disbursements, while he has put them to much trouble and expense in defending ill-advised litigation, and is apparently still endeavoring to maintain his title, leaving them to bear the loss of their investment and expenses. For five or six years he has known that they have paid taxes upon his land, taxes that as between them it was his duty rather than theirs to pay. There has been an exceptional delay in this case. See *Sanford* v. *Haines*, 71 Mich. 116; *Sherwood* v. *Savings Bank*, 104 Mich. 65. The complainants are not at fault, either for petitioner's delay or the mismanagement of his case,

though they have been put to much unnecessary trouble and expense.

The motion should be denied, with costs.

CARPENTER, C. J., and McALVAY, GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.