## TOOLAN *v.* LONGYEAR.

144   55|
j148  593|

1. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE—TAX SALES.

   The provision of the tax law authorizing the foreclosure of the lien of the State, and the sale of the property, without personal service of process, does not render the act unconstitutional.

2. TAXATION—TAX DEEDS—TITLE CONVEYED.

   Under the direct provisions of section 3895, 1 Comp. Laws, a deed executed by the auditor general, on presentation of a certificate of sale after the expiration of the time provided by law for the redemption of land sold for taxes, conveys title in fee.

Error to Clinton; Stone, J. Submitted October 12, 1905. (Docket No. 45.) Decided May 1, 1906.

Ejectment by William Toolan and Alexander McMillan against John M. Longyear and James Monroe. There was judgment for plaintiffs, and defendants bring error. Affirmed.

*Cahill & Wood*, for appellants.

*Thomas, Cummins & Nichols*, for appellees.

HOOKER, J. This case came on for trial before the court without a jury, and the court rendered judgment for the plaintiffs and the defendants have appealed. The action is ejectment, and the declaration claims the premises in fee. The defendants' title is derived from a Federal patent, while that set up by the plaintiffs rests upon two auditor general's deeds for the taxes of 1891 and 1892. The lands were bid in to the State and were afterwards purchased by the plaintiffs in 1895. But two assignments of error are discussed by counsel for the defendants, and we will consider those only. The questions raised are: (1) Is the tax law constitutional? (2) Did the plaintiffs acquire title in fee, through their tax deeds?

It is contended that the act is unconstitutional, for the reason that it provides for the foreclosure of the lien of the State, and the sale of the property, of private persons, without service of process. We have repeatedly held that this provision does not invalidate the law. Substituted service is sustained in proceedings in rem. The subject was fairly discussed in *Ball* v. *Ridge Copper Co.*, 118 Mich. 7, and this case has been approved since. See *Hooker* v. *Bond*, 118 Mich. 255. See, also, *Pritchard* v. *Madren*, 24 Kan. 486; *Leigh* v. *Green*, 64 Neb. 533; *Chauncey* v. *Wass*, 35 Minn. 1; 2 Freeman on Judgments (4th Ed.), § 607. We must consider the question settled.

The second question has been discussed in several cases, but counsel urge a reconsideration on the ground of certain sections of the tax law, which are said to be inconsistent with the rule that the State acquires a title in fee to lands bid in for the State, and the further ground that what has been said in such cases is obiter. This title was acquired from the State before the passage of Act No. 229, Pub. Acts 1897, and under section 72 of the tax law (1 Comp. Laws, § 3895) the title conveyed was a title in fee. See *Dawson* v. *Peter*, 119 Mich. 274; *Allen* v. *Cowley*, 128 Mich. 530; *Hickey* v. *Rutledge*, 136 Mich. 128; *Board of Sup'rs of Alcona Co.* v. *Auditor General*, 136 Mich. 130; *Monaghan* v. *Auditor General*, 136 Mich. 247; *Raber* v. *Hyde*, 138 Mich. 101; *Hoffman* v. *Lumber Co.*, 138 Mich. 5, 10.

The judgment is affirmed.

GRANT, J., concurred. MCALVAY, BLAIR, and MOORE, JJ., concurred in the result.