### TEMPLE v. PRESTON.

1. TAXATION—TAX SALES—DECREE—ENTRY IN VACATION.

   That a decree for the sale of land for taxes was entered on the day after court adjourned until a later date in the term does not render it subject to collateral attack.

2. SAME—TREASURER'S REPORT OF SALE—FILING IN CLERK'S OFFICE—PRESUMPTIONS.

   Where a treasurer's report of the sale of lands for taxes received in evidence bears an indorsement of filing signed by the county clerk, there is sufficient evidence that it was filed in the clerk's office, there being a presumption that he only files papers in his own office.

Appeal from Mackinac; Shepherd, J.  Submitted October 15, 1907.  (Docket No. 56.)  Decided December 30, 1907.

Petition by Ansel F. Temple against William P. Preston for a writ of assistance.  From a decree for petitioner, defendant appeals.  Affirmed.

*William Carpenter*, for petitioner.

*Brown & Fleming*, for defendant.

MOORE, J. A petition was filed for a writ of assistance based upon tax titles for the years 1893, 1894, 1895, 1896, 1897, 1899, and 1900. The writ of assistance was granted. No claim is made under the tax title for the sale for taxes of 1893. The sale for the taxes of 1894 was made December 7, 1896, and a deed was issued therefor April 22, 1898. Notice to redeem for the taxes of 1895, 1896, 1897, 1899, and 1900 was served upon the defendant, Preston.

The defendant claims to be a grantee of 4-15 of the land in controversy. He was also an occupant and in actual possession of said interest. Before the time had expired to redeem under the notice served upon him he deposited with the register in chancery a sum sufficient to pay 4-15 of the amount demanded by the petitioner. The tax title holder was duly notified by the register of the deposit, who refused to receive it.

It is conceded that as the sale for the taxes of 1894 was prior to the act of 1897 no notice was required, but it is claimed the proceedings for the sale of the taxes for that year were fatally defective. *First.* Because the decree was entered at a time when the court was not in session. The date fixed for the hearing of the petition was August 18, 1896. The court was in session August 18–21, on which date the court adjourned until October 5, 1896. The chancery journal shows a decree was entered August 22, 1896. No one at any time sought to contest the proceeding. The case is within *Wolverine Land Co.* v. *Davis,* 141 Mich. 187; *Goodell* v. *Auditor General,* 143 Mich. 240; *Hoffman* v. *Flint Land Co.,* 144 Mich. 564.

The second objection is, because there was no report of the county treasurer's sale which the law provides must be made by the county treasurer and filed with the county clerk. The report of sale made by the county treasurer was received in evidence and is indorsed, "Received and filed December 26, 1896" and signed "Michael Hoban, county clerk." We think it a fair inference that the county clerk files papers received in his office and not

those in the custody of some other office. We do not think the objection was well taken. See *Hoffman* v. *Pack, Woods & Co.*, 123 Mich. 74; *Burns* v. *Ford*, 124 Mich. 274; *Hoffman* v. *Flint Land Co.*, supra.

It is unnecessary to discuss the effect of the other tax deeds. The decree is affirmed, with costs.

McALVAY, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.