JOHN WIDDICOMB CO. *v.* CARD.

1. Taxation—Decree of Sale—Validity—Statutes.
   The decree of the court below for the sale of lands for taxes on petition of the auditor general was void under section 66, Act No. 206, Pub. Acts 1893, where the court remained in session only four days after the hearing of the petition and the entry of the decree.

2. Same—Adverse Possession—Statute of Limitations.
   Where neither plaintiff nor any grantor in the tax title chain entered into actual possession of land under a void tax deed, the payment of the taxes for subsequent years gave it no title by adverse possession under either the five-year or ten-year statutes of limitations (1 Comp. Laws 1915, § 4070, 3 Comp. Laws 1915, § 12311, subd. 2).

Appeal from Delta; Flannigan (Richard C.), J. Submitted January 24, 1922. (Docket No. 125.) Decided March 30, 1922.

Bill by John Widdicomb Company against William F. Card and others to quiet title to land. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Colin P. Campbell,* for plaintiff.

*H. J. Rushton,* for defendants.

MOORE, J.   The learned trial judge stated the questions involved in this litigation so clearly that we quote from his opinion as follows:

"This is a bill to quiet title.   The land involved is situated in Delta county, is described as the east half of the southeast quarter of section 2, in township 43 north of range 19 west, and is said to be worth about $200.   As originally filed the bill claimed title in the plaintiff under a tax deed issued by the auditor general, upon a sale of the land for taxes in 1895, pursuant to a decree of this court, but by amendment of the bill the government title is also claimed.

"The tax title is void.   Upon the filing of the auditor general's petition the usual order of hearing was made and entered.   The day appointed for the hearing was October 22, 1895, which was the first day of the term.   The matter of the petition was heard and the decree was made and entered that day.   The court remained in session on the 23d, 24th, 25th, and 26th days of October, when it adjourned *sine die.*   It was in session but four days after the day appointed for the hearing and for that reason the decree was void as were all sales made under it.   *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *McGinley* v. *Mining Co.,* 121 Mich. 88.

"The tax deed was duly recorded and the taxes levied on the property for the year 1895 and all subsequent years down to the present, were paid by the plaintiff or by its predecessors in the tax-title chain, and the further position of plaintiff's counsel is, that the record of the tax deed and the payment of the taxes entitled it to invoke both the five-year (1 Comp. Laws 1915, § 4070) and the ten-year (3 Comp. Laws 1915, § 12311, subd. 2), statutes of limitation.   Neither the plaintiff or any grantor in the tax title chain, entered into actual possession under the tax deed or otherwise.   It is conceded the property has been vacant and unoccupied since 1899.   The benefit of the five-year statute of limitations is by its terms limited to those who enter under a tax deed and remain in

'actual and undisputed possession' for the five-year period. Actual entry is also necessary to set in motion the ten-year statute and to create a bar under that statute an actual, continued, visible, notorious, distinct and hostile possession under the tax deed for ten years, must be shown. *Yelverton* v. *Steele*, 40 Mich. 538; *Sparrow* v. *Hovey*, 44 Mich. 63.

"At the sale of 1895 the property was bid to the State. The State bid was sold and the land deeded by the auditor general in the chain of titles to the plaintiff on October 11, 1897, which was after Act No. 229, Pub. Acts 1897, providing for service by the tax purchaser of notice to redeem, took effect. The service of a notice to redeem was not shown and is not claimed. If there had been actual entry under the tax deed followed by adverse possession for five years or ten years, the rights of the owner of the government title would not be cut off by either the five or ten year statute of limitations in the absence of a notice to redeem. *Cook Land, etc., Co.* v. *McDonald*, 155 Mich. 175; *Holmes* v. *Soule*, 180 Mich. 526. That there was any entry or occupancy sufficient to set in motion the fifteen-year statute of limitation is not asserted by the plaintiff.

"The controversy regarding the ownership of the government title arises in this way. The land was patented to the defendant Card under the homestead laws of the United States. The patent was issued March 2, 1892, and was recorded on May 12th of that year. About six years before he obtained his patent, and on April 13, 1886, Card deeded with full covenants of warranty, to one Edwin R. Burrows, now dead. He was the husband of the defendant, Clarinda C., and the father of the defendants, Enola R. and Ferry P. Burrows, who now claim the title under the Card deed to the husband and father. The Burrows deed was recorded in Delta county on May 26, 1886. On the day the patent to Card was recorded (May 12, 1892), he mortgaged the property to one Gamble. Under foreclosure of the mortgage, the regularity of which is unquestioned. the property was deeded to Gamble who later deeded in the chain of title to the plaintiff. It appears that Card was living on an adjoining 80-acre tract and inferentially claiming the land in question as

included in his homestead entry, in August, 1887. But that he made his homestead entry, or that he was in actual occupancy, as a trespasser or otherwise, of the land in question, or even of the adjoining 80, in April, 1886. when he deeded to Burrows, does not appear. When Gamble loaned his money and took his mortgage Card was in actual possession. Gamble did not have actual notice of the deed to Burrows and did not have notice or knowledge of any fact or circumstances calculated to awaken in him, or in any person of ordinary prudence, a suspicion that Burrows had or claimed any right, title or interest in the land through or under Card or otherwise. And so the question is presented whether, because of the record thereof, a subsequent purchaser is chargeable with constructive notice of a warranty deed executed by his grantor when he was not in possession and at a time when he had no right, title or interest whatsoever, legal or equitable, in the land so deeded.

"That the record of a deed or mortgage by the holder of an equitable title in possession, is constructive notice to a subsequent purchaser from the common grantor, is the Michigan rule. *Edwards* v. *McKernan*, 55 Mich. 520; *Balen* v. *Mercier*, 75 Mich. 42. But the question arising under the facts of this case was not involved in those cases and seems not to have been decided in this State.

"While the opposite is held by important courts (*Ford* v. *Unity Church*, 23 L. R. A. 561, and cases in note [120 Mo. 498, 25 S. W. 394]), it is thought reasonable and more in accord with the common understanding of the effect of our recording laws. to hold subsequent purchasers to constructive notice of all recorded instruments affecting the title to the lands purchased which were executed by the common grantor before the acquisition of the legal title, whether, when he executed the prior conveyance or incumbrance, he was possessed of an equitable title or not, or was in actual occupancy or not. *Bernardy* v. *Mortgage Co.*, 17 S. D. 637 (98 N. W. 166, 106 Am. St. Rep. 791); *Warburton* v. *Mattox*, Morris (Iowa), 367. Whether there is on record a deed or mortgage executed by the common grantor is information easily obtained by a subsequent purchaser. It is needful only that he in-

spect the index book which the register of deeds is required by law to keep and does keep. To require a subsequent purchaser to do what every prudent purchaser does is no hardship. The prior purchaser or mortgagee who, notwithstanding his grantor or mortgagor is not in possession and has no title of record, may be, as he commonly is, a good faith purchaser for a valuable consideration, has done all that he can do for his own protection and for the protection of subsequent purchasers, when he places his instrument on record and it is neither unjust or unreasonable to insist that, for his own protection the subsequent purchaser be at the very mild trouble, inconvenience or expense attending an inspection of the index book in the office of the register of deeds.

"The deed from Card to Burrows was also signed by Mrs. Card but it was not acknowledged by her and there was but one witness to her signature. The deed was duly acknowledged by Card and to his signature there were two witnesses. The point is made that because the execution by Mrs. Card was not properly witnessed and acknowledged, the deed was not entitled to record and therefore did not operate as constructive notice. That an instrument not executed so as to entitle it to record is not constructive notice to anyone is elementary. But where an instrument is executed by two or more persons but by one only in the manner and form required by the recording laws, it is constructive notice of the conveyance by the person who properly executed it but not of a conveyance by the other or others. *Hall* v. *Redson,* 10 Mich. 21; *Rayner* v. *Lee,* 20 Mich. 384. The record of the deed to Burrows was constructive notice of the conveyance by Card and what he had conveyed to Burrows was what he attempted to mortgage to Gamble. The mortgage which describes Card as a widower was executed by him alone.

"In the event a decree quieting title in the plaintiff is refused, a decree is asked requiring the defendants to repay the plaintiff the amounts paid for the State bid and for taxes, aggregating about sixty dollars. While it is proper in certain cases, where the owner of the government title applies to a court of equity for the relief of his title from the cloud of a void tax

deed to require, as a condition of the granting of such relief, the repayment of taxes, the jurisdiction of equity to decree such repayment against a defendant who is not before the court seeking any form of affirmative relief, is not apparent.

"The bill will be dismissed but without prejudice to any remedy the plaintiff may have at law, for the recovery of the taxes paid.   The defendants will recover their costs to be taxed."

The first claim of appellant requiring our attention is that the tax sale of 1895 is valid.   Counsel concedes that the following cases seem to support the opinion of the circuit judge:   *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *Youngs* v. *Clark,* 120 Mich. 528; *Wait* v. *McMillan,* 121 Mich. 95; *Aztec Copper Co.* v. *Auditor General,* 128 Mich. 615; *Platz* v. *Englehardt,* 138 Mich. 485.

We now quote from the brief:

"It is plaintiff's contention that the decision in the case of *Peninsular Savings Bank* v. *Ward,* which the other decisions follow without any discussion or consideration of the questions involved, was brought about by misapprehension on the part of counsel and the leading of the court, because of this misapprehension, into an erroneous conclusion as to the language and interpretation of the statute in question.   The *Ward Case* was decided upon the assumption that the statute requires the court to be in session for at least six days.   *   *   *

"We here attack that decision and the cases following it not because the decision was not correct upon the premise upon which it was based but because that premise was a false one imposed upon the court by the erroneous assumption of counsel as to the construction of the statute, and our contention is that the statute is not susceptible properly and particularly in view of later decisions of the court, of the accepted construction in that case and the one contended for in this."

Counsel cites *Wolverine Land Co.* v. *Davis,* 141 Mich. 187; *Goodell* v. *Auditor General,* 143 Mich. 240 (114

Am. St. Rep. 646), and quotes at length from the last named case. A reference to these cases will show that they are in harmony with *Peninsular Savings Bank* v. *Ward, supra,* and with the contention of the chancellor in the instant case in his construction of the statute.

Another claim of counsel requiring our consideration is stated by counsel as follows:

"We rely in this case on the five-year statute (1 Comp. Laws 1897, § 3896 [1 Comp. Laws 1915, § 4070]), and the ten-year statute of limitations (Act No. 314, Pub. Acts 1915, chap. 9, § 1 [3 Comp. Laws 1915, § 12311, subd. 2]). Plaintiff contends under the decisions reference to which will be made shortly, that the record of the auditor general's deed to McIver and Bosworth was a disseizin of the claimants under the government title and that the payment of taxes by the purchasers of a tax title continued for more than ten years, was a sufficient possession. The decisions on this point are: *Rayner* v. *Lee,* 20 Mich. 387, in which it was held that the payment of taxes by plaintiff or by someone in his chain of title is very significant of plaintiff's adverse possession, and *Murray* v. *Hudson,* 65 Mich. 670, holding that the recording of the tax deed is disseizin and paying taxes shows adverse possession."

*Rayner* v. *Lee* was decided in 1870 and the opinion states that in every year since 1842 some one under whom complainant claimed had assumed to be owner and had exercised public and notorious acts of ownership.

The case of *Murray* v. *Hudson, supra,* was an action of trespass tried before a jury which answered a special question reading as follows:

"Had Bryce and the Hudsons before the alleged trespass, open, visible, continuous, notorious possession of the land in question for ten years and upwards?
"*A.* Yes."

The court held in that case that the jury were properly instructed upon the subject of adverse possession

and that there was evidence upon which to base their findings.

In the case before us, the bill of complaint avers:

"Your orator further shows unto the court that said lands are vacant and unoccupied as your orator is informed, and have been so vacant since the year 1892; that no buildings or fences or other improvements have ever been made on said premises. * * * Your orator further shows unto the court that said premises are vacant, unoccupied timber land, and that the only possession taken or claimed by any person for 25 years and upwards has been an occasional visit to said lands by the predecessors in title of your orator."

We think the chancellor was right in his ruling upon the subject of adverse possession. The other contentions of counsel for the appellant have had our careful consideration, but will not be discussed.

The decree is affirmed with costs in favor of the appellees.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.