HENRY HEWITT, JR., v. PETER WHITE,

AND

HENRY HEWITT, JR., v. HARRIET A. OSBORN.

[Two Cases.]

*Tax sales—Illegal tax—Authority of supervisors to pay a salary to sheriff in lieu of fees.*

1. The board of supervisors have no power to allow the sheriff an annual salary for services rendered the county, in lieu of all fees, and a sale of land to satisfy a tax made up in part of such illegal salary is void.

2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL:

   *a*—It has been pointed out more than once by the Court that the sheriff must be confined to his statutory fees in all cases where they are fixed by statute. *Burk v. Webb*, 32 Mich. 173; *Clark v. Supervisors*, 38 Id. 658; *Peck v. Bank*, 51 Id. 353. And demanding and receiving more is a misdemeanor. How. Stat. § 9256.

   *b*—Most of the sheriff's statutory fees relate to services in connection with the administration of civil and criminal justice, and the keeping and control of prisoners. There are

the strongest reasons why such matters should not be left to the supervisors, but it is enough for the present purpose that they have not been so left.

c—The sheriff has it in his power to forward or hinder the course of criminal justice in many respects. It is essential to public safety that its administration be kept as far as possible free from any extraneous meddling or interference, and, if the supervisors or any other body can have a voice in the payment of the sheriff's charges, it is evident that his subservience to them is invited, if not compelled, and that they can have a good deal to do with the pursuit or exemption of criminals.

d—We have been compelled several times to compel the payment of justices' fees for criminal examinations that did not terminate as the supervisors desired, or which were prosecuted against their wishes.[1]

e—If the principle is once admitted that any deviation can be had from the statutory allowances, the temptation is directly offered to the sheriff to make himself agreeable to the board on the one hand, and to shirk unprofitable duties on the other.

Error to Marquette. (Grant, J.) Argued October 29 and 30, 1889. Decided November 15, 1889.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. O. Clark,* for appellant, contended:

1. In support of the proposion that the board of supervisors had no power to allow the sheriff a salary in lieu of statutory fees, counsel cited: *People v. Supervisors,* 3 Mich. 475; *People v. Auditors,* 13 Id. 233; *Kennedy v. Gies,* 25 Id. 89, 90; *Mixer v. Supervisors,* 26 Id. 422; *Burk v. Webb,* 32 Id. 182; *Peck v. Bank,* 51 Id. 355; *Follensbee v. Supervisors,* 67 Id. 614; *Clark v. Supervisors,* 38 Id. 658; *Vincent v. Supervisors,* 52 Id. 340.

*Ball & Hanscom,* for defendants, contended:

1. The action of the board in voting such salary was a mere estimate of the amount of money that would be required to pay the sheriff for services to be rendered for the year. In the case of *Sawyer-Goodman Co. v. Crystal Falls,* 56 Mich. 600, it was held that such action by the township board should be so construed.

[1] See *Jaminet v. Supervisors of Monroe Co.,* 77 Mich. 245.

2. It is not shown that the plaintiff or any tax-payer was injured by the action of the board in appropriating $1,500 as a salary to the sheriff; citing How. Stat. § 1165; and confessedly, it was within their power, and was their duty, to provide money by tax to pay the sheriff for his services rendered the county. It is fair to presume that in determining the amount to be raised by county tax, a sum was estimated for that purpose, and as they voted to appropriate $1,500 for sheriff's salary for the next ensuing year, it may be considered probable that they included that amount in their estimate, unless they had moneys on hand applicable thereto. But it is not fair to presume, and cannot properly be presumed, that the supervisors would pay that amount through the year, unless they were satisfied that the sheriff was lawfully entitled to it. They were at liberty to change or abolish the "salary" whenever they saw fit; in fact, if unlawful, as claimed, the "salary" could be disregarded, even after the services were rendered, and the sheriff remitted to his lawful fees. But payment to the sheriff of excessive compensation would not invalidate a tax levy made for lawful purposes.

CAMPBELL, J.   These are ejectment cases involving the sufficiency of tax-titles.   The chief question raised touching the tax of 1878 relates to its including the salary of a sheriff, at a sum of $1,500, in lieu of all fees for services rendered the county.   Payment was made in pursuance of this resolution.

It has been pointed out more than once by this Court that the sheriff must be confined to his statutory fees in all cases where they are fixed by statute.   *Burk v. Webb,* 32 Mich. 173; *Peck v. Bank,* 51 Id. 353 (16 N. W. Rep. 681); *Clark v. Supervisors,* 38 Id. 658.   Demanding and receiving more is a misdemeanor.   How. Stat. § 9256.

Most of the sheriff's fees fixed by statute relate to services in connection with the administration of civil and criminal justice, and the keeping and control of prisoners. There are the strongest reasons why such matters should not be left to the supervisors, but it is enough for the present purpose that they have not been so left.   The sheriff has it in his power to forward or hinder the

course of criminal justice in many respects. It is essential to public safety that its administration be kept as far as possible free from any extraneous meddling or interference, and, if the supervisors or any other body can have a voice in the payment of the sheriff's charges, it is evident that his subservience to them is invited, if not compelled, and that they can have a good deal to do with the pursuit or exemption of criminals. It has been brought to our attention, as it has been to that of the Legislature, that county officials dependent on the supervisors have professed to be influenced by their views of economy in their action in criminal prosecutions. We have been compelled several times to compel the payment of justices' fees for criminal examinations that did not terminate as the supervisors desired, or which were prosecuted against their wishes. That such influences have actually succeeded with officers lacking firmness there is no reason to doubt. If the principle is once admitted that any deviation can be had from the statutory allowances, the temptation is directly offered to the sheriff to make himself agreeable to the board on the one hand, and to shirk unprofitable duties on the other.

The law has left some cases subject to the supervisors, and appointed no specific fees. It is possible, although no such cases were suggested, that the sheriff may have some functions not more appropriate to his office than to any other. But the resolution does not confine his salary to services that might be contracted for. It aims directly at services deemed necessary to be subjected to fixed compensation, which only concern the county as one of the agencies of governmental administration, and not as a local body acting for local interests.

In a matter of such direct public concern it is not safe to hold, as we are asked to hold, that, although illegal, the illegality shall have no effect. There can be no

doubt on the record that the illegal salary entered into the levying of the tax, and is one of serious importance. There can be no reason why the mischief cannot be indefinitely perpetuated, if allowed to go unredressed. In our opinion, the tax is void for this transaction, and should be so declared.

The judgment must be reversed, and a new trial granted.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.