COLLINS *v.* REA.

$\overline{1}27$  273<br>d139 $^2$623

TAX DEEDS—VALIDITY—REMOVAL OF TIMBER—SUIT BY MORTGAGEE —PLEADING—WAIVER OF DEFECTS—AUTHORITY OF CORPORATION.

\* 1. Where the board of supervisors voted salaries to the sheriff and other officers, and such salaries were included in the tax levy, tax deeds based thereon are void.

2. A mortgagee may maintain a suit in equity to enjoin the removal of timber which impairs his security.

3. A stipulation, bond, and consent order in such suit that the defendants might cut the timber, and that the funds realized therefrom should be divided among the parties to the suit according to their interests, waives all defects in the form of the bill.

4. A corporation mortgaged the land in controversy to secure the debt of an individual. It was made a party to the suit; a

\* Head-notes by GRANT, J.

127 MICH.—18.

*pro confesso* taken against it. *Held,* that the defendants, being strangers to the title, were not in position to raise the question of the authority of the corporation to execute the mortgage.

Appeal from Montmorency; Kelley, J. Submitted February 1, 1901. Decided July 2, 1901.

Bill by Esther E. Collins, executrix of the last will and testament of Thomas Collins, deceased, against Robert Rea and Herman Besser, impleaded with Alfred J. West and the Atlanta Town & Manufacturing Company, to restrain the removal of timber and for a partition. From a decree for complainant, defendants appeal. Affirmed.

By the record title, one Thomas Collins was the owner of the undivided one-half interest, and the defendants the owners of the other undivided one-half interest, in the land here in controversy. The land was only valuable for its timber. Defendants, claiming to own the entire land, were proceeding to cut the timber, whereupon Mr. Collins filed a bill in chancery to enjoin them from removing the timber, and to secure a partition of the lands. A preliminary injunction was issued. Defendants answered, claiming title to the entire land by virtue of several tax deeds, and also by title from the government. The parties, through their attorneys, entered into a stipulation by which defendants were permitted to cut the timber upon the filing of a bond to pay Mr. Collins whatever should be recovered by him in the suit, and the injunction was dissolved. By stipulation, Mr. Collins amended his bill by setting forth the invalidity of the tax titles, and that the deed made by the Atlanta Town & Manufacturing Company to him was to secure the payment of $579.37 due from one West to Collins. Subsequently Mr. Collins died, and Mrs. Collins, the present complainant, as executrix, filed a petition for the revival of the suit in her name, and to make West and the Atlanta Town & Manufacturing Company defendants thereto. The bill was so amended

by consent of the appealing defendants. That order provided that the amount found due to complainant might be paid out of the moneys collected from said Rea and Besser for the timber cut and removed by them from said land. A *pro confesso* was entered as to West and the Atlanta Town & Manufacturing Company. The evidence on the part of the complainant also showed that Mr. West was indebted to Mr. Collins upon two promissory notes aggregating $360, and that the deed of the corporation was made to secure this indebtedness. The case was heard in open court, and the court found that there was due from Mr. West to complainant $747.21, and decreed its payment out of the proceeds of the timber which had been cut and sold.

*Joseph H. Cobb*, for complainant.

*James Francis*, for defendants.

GRANT, J. ( *after stating the facts* ). 1. Defendants have no title to the interest conveyed to Collins, unless they can maintain their tax deeds. They concede that the taxes for 1883 and 1884 were void, but they rely upon their tax deeds for the taxes of 1885 and 1886. In both of those years the board of supervisors voted a salary to the sheriff of the county, as well as to certain other officers. This rendered the taxes void. *Hewitt* v. *White*, 78 Mich. 117 ( 43 N. W. 1043 ).

2. The deed to Collins was in fact a mortgage. Without the timber, the security was comparatively worthless. The mortgagee could therefore maintain a suit in equity to enjoin the removal of the timber. Under the stipulation, bond, and consent order of the court, the funds realized from the sale of the timber were to be divided among the parties according to the interest of each. The defects now urged against the form of the bill were thereby waived.

3. It is also urged by counsel for defendants Rea and Besser that no authority was shown by the corporation

to secure the debt of West, and that this act of the corporation is *prima facie ultra vires*, and therefore casts the burden upon the complainant to show the authority conferred. This question was not raised in the court below. Had it been raised at any time before decree was rendered, the court might have allowed the complainant to introduce testimony upon this point. However this may be, these defendants, Rea and Besser, are not in position to raise the question. They have no interest in this land, their tax titles having been held void. The corporation was made a party, and by its *pro confesso* confessed the authority in its officers to execute the mortgage deed. Neither the corporation nor its stockholders are here complaining. We are not, therefore, called upon to decide the question.

Decree is affirmed, with costs.

The other Justices concurred.