BEGOLE v. BIGELOW et al.

(Circuit Court of Appeals, Sixth Circuit.   May 5, 1914.)

No. 2413.

1. TAXATION (§ 679*) — TAX SALE — PURCHASE AND RESALE BY THE STATE — STATUTE.

Under the Michigan Tax Law of April 6, 1869 (Pub. Acts Mich. 1869, No. 169) § 124, which provided that the Auditor General should furnish annually a list of the state tax lands remaining unsold for five or more years, which should be offered at the next tax sale, a sale of lands listed by the Auditor General within less than five years from the time they were bid in by the state was void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1361, 1362; Dec. Dig. § 679.*]

2. TAXATION (§ 615*) — TAX SALE — PURCHASE AND RESALE BY THE STATE — STATUTE.

That section was prospective and not retroactive in its operation, and did not apply to lands bid in by the state before its enactment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1264; Dec. Dig. § 615.*]

3. TAXATION (§ 618*)—SALE FOR TAXES—VALIDITY OF TAX.

A sale of lands for delinquent taxes, part of which tax was levied to pay a salary to the sheriff, who was legally entitled only to fees, was void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1274; Dec. Dig. § 618.*]

4. TAXATION (§ 679*)—SALE FOR TAXES—RESALE BY THE STATE—STATUTE.

Pub. Acts Mich. 1893, No. 206, as amended by Pub. Acts 1897, No. 229, §§ 140–143, denying a purchaser from the state of lands bid in by it at a tax sale the right to the possession of the lands until six months after notice of the sale was served upon the owner of the lands under the last recorded deed in person, or by registered mail if he were a nonresident, before its amendment by Pub. Acts 1899, No. 204, which provided for service of notice upon the personal representatives or heirs of a deceased owner, failed to make provision for a case where the owner had died, and a notice mailed to such owner and received by his executor was ineffective to bar the rights of the heirs.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1361, 1362; Dec. Dig. § 679.*]

5. TAXATION (§ 696*)—SALE FOR TAXES—RESALE BY STATE—CONSTRUCTION OF STATUTE.

Since that statute gave the owners of the land the right to redeem, it will be construed favorably to the former owners, and the court will not read into it a provision which would deprive the heirs of their property without a hearing or an opportunity to redeem.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1393; Dec. Dig. § 696.*]

6. TAXATION (§ 679*)—SALE FOR TAXES—RESALE BY STATE—CONSTRUCTION OF STATUTE.

Even though the tax sale to the state gave the state the absolute ownership of the lands as against the heirs, the effect of the statute was to give to the heirs a title in the property which came into existence at the time of the sale by the state, to which the title of the state's grantee was subject until after the required notice had been given, and until that time the grantee did not have even a colorable right of entry upon the premises.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1361, 1362; Dec. Dig. § 679.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—26

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Bill by Fred H. Begole against Sarah Z. Bigelow and others. Judgment for the defendants, and plaintiff appeals. Affirmed.

D. H. Ball, of Marquette, Mich., for appellant.

C. M. Wilson, of Grand Rapids, Mich., for appellees.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

SATER, District Judge. [1, 2] The plaintiff seeks a reversal of the judgment rendered by the trial court dismissing his bill to quiet title to certain lands in Ontonagon county, Mich. The plaintiff's claim to absolute ownership rests on tax sales made in 1873, 1884, and 1898. The circumstances surrounding such sales will be sufficiently stated later. The defendants are the heirs at law of Horatio Bigelow.

The patents for the tracts in question were issued to Bigelow in 1853 and in the following year were recorded in the office of the register of deeds for such county. The lands became delinquent for taxes levied for the year 1867 under the tax law of 1853 (Comp. Laws of Michigan, 1857, p. 287 et seq.), and, on account of such taxes, were, on October 5, 1868, offered for sale, and for want of other purchasers were sold to the state. On April 6, 1869 (Pub. Acts 1869, No. 169), an entirely new general tax law was enacted and became operative. Section 124 of that act provided that the Auditor General should furnish annually in the month of September to each county treasurer a list of all state tax lands remaining unsold for five or more years from the date on which they were bid off by the state, and that they should at the next tax sale be offered for sale to the highest bidder. On July 5, 1873, within less than five years from the date on which the lands in question had been bid in by the state, the Auditor General listed them for sale. Notice of the sale of the state's interest in them for the taxes of 1867 was given, and on October 6th following they were bid in by one Butler. If it be assumed that the law of 1869 vested in the state the right to sell the lands, it is clear that, as they were listed by the Auditor General and advertised for sale within less than five years from the time they were bid in by the state in 1868, such listing and sale were premature and the sale was therefore invalid. But section 124 of the act of 1869, under which the attempted sale was had, was prospective and not retroactive in its operation. Clark v. Hall, 19 Mich. 356; Auditor General v. Supervisors, 36 Mich. 70, 75; Auditor General v. Saginaw County Supervisors, 62 Mich. 579, 591, 29 N. W. 492; Auditor General v. Shiawassee County Supervisors, 74 Mich. 536, 546, 42 N. W. 143. The last three cases were cited with approval in Auditor General v. Midland County Supervisors, 84 Mich. 121, 126, 47 N. W. 579. The statute of 1869 being prospective only in operation, a sale thereunder for taxes previously assessed was void (Nowlen v. Hall, 128 Mich. 274, 87 N. W. 222), and the deed to Butler, which was not given until 1885, was a nullity. The title remained in the state, if the sale to it in 1868 was valid; otherwise it was still in Bigelow.

[3] The lands became delinquent for the taxes of 1869 and 1870 and for 1872 to 1880, both inclusive. A part of the taxes levied in each of such years, as is sufficiently shown by competent evidence, was imposed by the supervisors of the county to pay the salary of the county sheriff. As the premises were offered for sale from time to time on account of such delinquent taxes, they were, for want of purchasers, bid in by the state. In May, 1884, they were sold by it to one Turner, who took his deed for the same in the following August. Under the statute in force at the several times the taxes for the abovementioned years were levied, there was no provision of law for the payment of a salary to the sheriff. His compensation was derived wholly from fees. The inclusion of a tax for his salary in the levy of each of such years was illegal, invalidated the sale made in 1884, and rendered the deed to Turner void. Hewitt v. White, 78 Mich. 117, 43 N. W. 1043; Collins v. Rea, 127 Mich. 273, 86 N. W. 811. The conclusion reached in such cases accords with the teachings of Lacey v. Davis, 4 Mich. 140, 157, 158, 66 Am. Dec. 524; Case v. Dean, 16 Mich. 12, 32; Boyce v. Sebring, 66 Mich. 210, 219, 33 N. W. 815; Seymour v. Peters, 67 Mich. 415, 420, 35 N. W. 62.

From the foregoing it follows that, as the tax deeds to Butler and Turner, based on the tax sales of 1873 and 1884, respectively, were invalid, none of the subsequent deeds by which it is claimed the premises passed to and were eventually lodged in the plaintiff was effectual to confer title on him.

[4] The lands again became delinquent for taxes for the years 1888 to 1894, inclusive, and were again, whenever offered for sale, bid in by the state for want of other purchasers. In consequence of an adjudication by the county circuit court, made in proceedings duly instituted under Act 206, passed in 1893, the lands were sold in August, 1898, to the plaintiff, and a deed for the same was delivered to him in the following September. That act was amended in 1897 (Act 229). The amendatory act provided (sections 140-143), that a sale of lands, like those in question, for taxes and the delivery of a deed for the same should not cut off the title of the owner until six months after a given notice, whose form is set out in section 140, had been served by the grantee in the tax deed on the owner or owners of such lands under the last recorded deed and to the mortgagee or mortgagees named in the last recorded mortgage or the assignee thereof, if his name appeared on the record; that, if such persons should be non-residents of the state, the sheriff, if he could obtain from the record or by inquiry their post office address, or if their last address were known to him, should send to them by registered letter a copy of the statutory notice, and return the receipt or receipts received for such letter or letters to the county clerk's office; that such grantee or grantees, or the mortgagee or mortgagees, or assignee of the last recorded mortgage might then at any time within six months redeem the lands and receive a deed therefor by making proper payment to the grantee named in the tax deed; and that any such person lawfully chargeable with notice by registered mail, together with his heirs, executors, administrators, or assigns, who should refuse or neglect to redeem in the pre-

scribed statutory manner, should thereafter be barred from questioning the validity of the tax title or the tax deed given for the premises to the purchaser at the sale. The amendatory act further denied a writ of assistance or other process to the tax sale purchaser for the possession of the land, and forbade his entering into the same until six months after the service of such statutory notice. Bigelow, the owner of the lands under patent from the United States, and a resident of Boston, Mass., died in 1888, leaving the defendants as his heirs at law, and also a will in which he named an executor, who duly qualified and entered upon the discharge of his duties as such. His will, in so far as the record discloses, was not admitted to probate in Michigan. The plaintiff, who purchased subject to the provisions of the act of 1897, undertook in 1898, subsequent to his procurement of a tax deed for the lands, to serve notice on Bigelow at Boston by registered letter directed to him. The letter containing the notice was received by Bigelow's executor, and the receipt given by him on delivery of the letter was filed in the office of the county clerk. By virtue of the sale and of such notice so served the plaintiff asserts an absolute title in himself. Is his contention, which is disputed by the defendants, sound?

[5, 6] The tax law was again so amended in 1899 (Act 204) as to provide for service on the personal representative of a deceased owner of lands, or, if there be none, then upon his heirs, and, if the residence of the person or persons thus entitled to notice could not be ascertained, that service might be had by publication. The lands in question descended, on Bigelow's death, if the title remained in him until that time, directly to the defendants as his heirs at law, subject, however, to the payment of his debts and the expenses of administration after his personal estate had been exhausted. Marvin v. Bowlby, 142 Mich. 245, 105 N. W. 751, 4 L. R. A. (N. S.) 189, 113 Am. St. Rep. 574, 7 Ann. Cas. 559. There is no evidence that the sale of the premises was required for either of such purposes. Ordinarily an amendment such as that last mentioned is accepted as an admission of an imperfection in the previous enactment (Re Klein, 197 Fed. 241, 251, 116 C. C. A. 603 [C. C. A. 6]); but aside from this it must be held that the statute under which the sale was conducted, although its object was to give every taxpayer his day in court (Cole v. Auditor General, 132 Mich. 262, 264, 93 N. W. 890), failed to cover a case such as is here presented, in that it did not provide for notice of the sale, or of the plaintiff's asserted right, to persons situated as were the defendants. As the statute gave the right to redeem, it must be regarded favorably to the defendants, and be liberally construed. Pike v. Richardson, 136 Mich. 414, 99 N. W. 398; Dubois v. Hepburn, 10 Pet. 1, 22, 23, 9 L. Ed. 325; Cooley on Taxation (3d Ed.) 1023; Masterson v. Beasley, 3 Ohio, 301. A court will not read into the law a provision which would deprive them of their property without a hearing or of the opportunity of exercising the right of redemption. If the several sales to the state for the taxes for the years 1888 to 1894 were regular, the state as between itself and the heirs of the original owner acquired absolute title to the lands. Hickey v. Rutledge, 136 Mich. 128, 98 N. W. 974.

However this may be, the effect of the sale made in 1898, as determined by the local courts, was to give such heirs a title which they did not possess after the respective sales to the state—a title which did not come into existence until after the sale of 1898 was made. That sale transferred the whole of the state's title, a part of it passing to the defendants as heirs of the original owners, and the residue to the plaintiff. Hickey v. Rutledge; Griffin v. Kennedy, 148 Mich. 583, 587, 112 N. W. 756; Adkin v. Pillen, 136 Mich. 682, 100 N. W. 176. Plaintiff's tax deed from the state did not therefore convey to him an absolute title. Had the statute provided for notice to the executor or to Bigelow's heirs, and had it been regularly given, an absolute title would not have vested in the plaintiff until six months after the return of the proof of such notice to the county clerk. Boucher v. Trembley, 140 Mich. 352, 103 N. W. 819; Pike v Richardson. Until the expiration of such period the defendants, as the owners of the property, would have had the sole right of possession and the right to redeem. Adkin v. Pillen. The plaintiff, notwithstanding his tax deed, did not acquire even a colorable right of entry, and, if he entered upon the premises, he was a trespasser. Corrigan v. Hinckley, 125 Mich. 125, 126, 83 N. W. 1020; Huron Land Co. v. Robarge, 128 Mich. 686, 87 N. W. 1032.

Other questions presented need not be considered.

The decree of the district court is affirmed.